THE STATE OF MISSOURI *ex rel.* JACOB REIDER *et al.,* Relators, v. THE MONITEAU COUNTY COURT, Respondent.

**Kansas City Court of Appeals, May 11, 1891.**

1. Certiorari : OFFICE OF : JURISDICTION : MERITS. The function of the common-law writ of *certiorari* is *generally* to prevent inferior tribunals, where there is no appeal or writ of error, from exceeding their jurisdiction ; but it is not confined to cases where there is an entire want of jurisdiction. It may be resorted to where, having jurisdiction, the tribunal makes an order exceeding its power. On such writ, the merits are not reviewed, nor can mistakes of fact or law be inquired into.

2. ———— : PETITION FOR DRAMSHOP LICENSE : COUNTY COURT RECORD. Though it become conceded that on *certiorari* the record of the county court must affirmatively show the statutory essentials to granting a dramshop license, as that the petition compose "a majority of the assessed taxpaying citizens," in order to confer jurisdiction, yet, if the application for license does recite that fact, it is sufficient as the application is a part of the record of the county court. (*Following State ex rel. Harrah v. Cauthorn*, 40 Mo. App. 94.)

3. **Dramshops :** LICENSE GRANTED AT THE TERM OF FILING APPLICATION : CLERK IN VACATION : STATUTE CONSTRUED. The true construction of the whole statute is that, if the petition is filed with the clerk while the county court is in session, it is filed in court, and it is ready for immediate consideration unless delayed or continued by the court. But, if the petition be filed with the clerk in vacation, he may be authorized to grant the license until the next term, whether it be an adjourned or regular term. In either event (whether he grants or not), he must lay the matter before the court at its next session (*State ex rel. v. Heege*, 37 Mo. App. 338, doubted and not followed as conflicting with a decision of the supreme court.)

4. ———— : NOTICE : PARTY : TRIAL : ARGUENDO. Under the dramshop law, no notice, general or special, of the application for license, is required ; nor does the law recognize the right of anyone not a party to the petition to remonstrate or object, nor is there any provision for a trial between the applicant, the petitioners and the remonstrants.

5. ———— : CONSTRUCTION : PARTNERSHIP : CORPORATION . Under the statutory rule of construction, a dramshop license may be issued to a partnership. In case of a corporation, the saving clause as to repugnancy would apply.

*Certiorari to Moniteau County Court.*

AFFIRMED.

O. K. *Brown*, with L. F. *Wood*, for relators.

(1) The county court had no jurisdiction to hear the application for a dramshop license at the same term at which the petition was filed. The statute expressly provides that "said petition shall be filed in the office of the clerk of the county court, and by said clerk laid before the court at the first term thereafter." R. S. 1889, sec. 4576. This provision "is mandatory and means

MARCH TERM, 1891.        389

The State ex rel. Reider v. The Moniteau Co. Ct.

what it says, and that, in order to give the county court jurisdiction to grant the license, a petition, conformable to the statute, must have been filed with the clerk of the court and presented to the court by the clerk at the next term after being so filed." *State ex rel. v. Heege,* 37 Mo. App. 339. ( 2 ) By the filing of the amended application of George R. Keister & Co., on the fourth day of the term, the original application was abandoned, and cannot be looked to for any jurisdictional fact. *Owens v. Pierce,* 5 Mo. App. 576 ; *Breckenkamp v. Rees,* 3 Mo. App. 585 ; *Corley v. McKeag,* 9 Mo. App. 39. ( 3 ) The petition in the case does not allege, nor does any part of the record show, that the petitioners compose a majority of the assessed taxpaying citizens of the city of Tipton. The words, " assessed taxpaying citizens," are jurisdictional words, and unless some part of the record contain them the county court had no jurisdiction in the premises, and its license to the applicant is void. R. S. 1889, sec. 4576; *State ex rel. v. Court,* 90 Mo. 593 ; *State ex rel. v. Heege, supra ; State ex rel. v. Cauthorn,* 40 Mo. App. 94. ( 4 ) The petition as interlined is for a dramshop license to George R. Keister & Co. The law imposes a duty upon the applicant to present a petition of the citizens ; and it imposes upon the court the duty of investigating and determining by competent evidence whether the petition complies with the requirements of the law ; and the court must also find as to the moral character of the applicants. R. S. 1889, sec. 4576 ; R. S. 1889, sec. 4572. The name of Lacy Snorgrass, one of the persons to whom the license was finally granted, nowhere appears in the petition, nor has any person petitioned the court to grant a license to him ; and certainly the court had no jurisdiction to grant him a license. On a direct proceeding to vacate such original judgment it has always been held void by our courts. *Speck v. Wohlein,* 22 Mo. 310; *Strouse v. Drennon,* 41 Mo. 289 ; *Mitchell v. Bliss,* 47 Mo. 353 ; *Doane v. Holly,* 27 Mo. 256; *Barnsteller v. Rives,* 34 Mo. 318.

*Moore & Williams* and *Draffen & Williams*, for respondent.

(1) The writ of *certiorari* only brings up the record, and can only reach errors or defects, which appear on the face of the record of the tribunal to which it is issued, and which are jurisdictional in their nature. The only matter open to inquiry in this case is, whether the county court had jurisdiction to issue the license. *State ex rel. v. Smith*, 101 Mo. 174; *State ex rel. v. Cauthorn*, 40 Mo. App. 94; *Railroad v. State Board of Equalization*, 64 Mo. 294; *Ex parte Mayor*, 23 Wend. 276. (2) If the rule requiring the records of inferior courts to affirmatively show jurisdiction applies to the action of county courts in granting dramshop licenses, still it is sufficient if the facts showing jurisdiction appear upon any part of the record, or from the papers in the cause. The petition and record entries sufficiently show that the petition for license was signed by a majority of the assessed taxpaying citizens of the city and of the block. *State ex rel. v. Cauthorn*, 40 Mo. App. 94; *Iba v. Railroad*, 45 Mo. 469. (3) This rule, however, is applicable, when inferior courts are passing upon property rights of citizens, and ought not to be extended to cases where the county courts act merely as the agents or representatives of the state in granting licenses. " Where the power is vested in a court to determine upon extrinsic evidence whether the petition is sufficient," it will be presumed, in the silence of the record, that it was decided rightly. *State v. Searcy*, 39 Mo. App. 393–400 ; *State v. Evans*, 83 Mo. 319 ; *State v. Hatton*, 39 Mo. App. 410–417; *State ex rel. v. Young*, 84 Mo. 90; *State ex rel. v. Cauthorn*, 40 Mo. App. 94–7. (4) The fact that the petition was filed, and the license granted at the same term, does not invalidate the action of the court. It is not essential to the jurisdiction of the county court that the petition shall be filed with the clerk in the vacation preceding the beginning of the

regular term at which it is acted upon. The jurisdic-
tion of the court is not dependent upon the petition
being laid before it by the clerk at the first term after
the filing of same. *State ex rel. v. Meyers*, 80 Mo. 601 ;
*Wilkerson v. Allen*, 67 Mo. 502–8 ; *Henry v. McKerlie*,
78 Mo. 416 ; *State v. Evans*, 83 Mo. 319.

ELLISON, J.—On application of relators a writ of
*certiorari* was issued commanding the county court of
Moniteau county to transmit to this court the record
of the proceedings had in that court in the matter of the
application of George R. Keister & Co. for a dramshop
license. In obedience to this writ there has been
returned to us a full record of such proceedings includ-
ing the original papers.

By reference to the case of *State ex rel. Harrah v.
Cauthorn*, 40 Mo. App. 94, it will be seen that in cases
of this nature we have nothing to do with the propriety
of the action of the county court. If the record of
the proceeding before us discloses that that court had
jurisdiction in the matter of this particular application,
and that it has not exceeded its powers in respect
thereto, then our inquiry ends. So, whether the peti-
tioners were in fact assessed taxpaying citizens, such as
is required by law, or whether they were a majority, or
whether some names on the petition were forged, were
questions of fact for the county court and which we
have no right to determine. The office of a writ of
*certiorari* is not always stated with accuracy. On such
writs the merits are not reviewed, nor can mistake of
facts or law be inquired into. And, though it partakes
of the nature of a writ of error, it is not so broad as
that; and, furthermore, should not issue to a court from
which an appeal may be taken, or to which a writ of
error will lie. *Birdsall v. Phillips*, 17 Wend. 464. It
is frequently too broadly stated to be solely confined to
inquiry of jurisdiction in the inferior tribunal, as in
*Johnson v. Moss*, 20 Wend. 145; *Ex parte Mayor of*

*Albany,* 23 Wend. 277. In the case of *State ex rel. Teasdale v. Smith,* 101 Mo. 175, the statement is that the writ reaches matters on the face of the record which are jurisdictional *in their nature.* In *Chicago, R. I. & P. Ry. Co. v. Young,* 96 Mo. 39, it is stated that the writ will reach errors which might *not be fatal in a collateral proceeding.* In 2 Burr. 1040, it is said that the writ is issued to see whether the limited jurisdictions have exceeded their "bounds."

From the cases last cited we are led to believe that the true function of this common-law writ is *generally* to prevent inferior tribunals, where there is no appeal or writ of error, from exceeding their jurisdiction; but that it is not confined to cases where there is an entire want of jurisdiction; it may be resorted to where, having jurisdiction, the tribunal makes an order exceeding its powers. *Stokes v. Kharr,* 11 Wis. 389; *Talmadge v. Potter,* 12 Wis. 317.

The first objection on the part of the relators which we shall notice is, that it does not appear from the record that the petitioners for the license composed "a majority of the assessed taxpaying citizens" of the town of Tipton and of the block in which the dramshop was to be located. R. S. 1889, sec. 4576. The words of the petitioners in the block are: "We, the undersigned assessed resident citizens and taxpayers in block C, in said city of Tipton, Missouri, respectfully request," etc. The words of the petitioners from the town at large are as follows: "We, the undersigned taxpayers in the city of Tipton, Missouri, respectfully request," etc. It is not necessary for us to say in this case that in the granting of a dramshop license, where no private rights are involved, it is requisite to jurisdiction that the record of the county court should affirmatively show those things which are required to exist before a license shall issue. Nor (conceding that it is so requisite) is it necessary to decide whether the allegations above quoted meet that requirement. The

reason that it is not necessary to decide these matters is that the application for license filed in the county court in this case does recite, in the language of the statute, that the petitions contain "a majority of the assessed resident taxpaying citizens," of both the block and the town of Tipton. So conceding here (though not deciding), as was conceded in *State ex rel. Harrah v. Cauthorn, supra*, that the record must affirmatively show the statutory essentials to granting the license in order to confer jurisdiction, it does so appear from the application quoted above and which we regard as a part of the record of the county court, under the views set forth in the *Cauthorn case*.

II. It is, however, insisted that the proceedings are void from the fact that the record shows the license was granted at the same term at which the application and petition was presented. It is provided by section 4576, Revised Statutes, 1889, that the "petition shall be filed in the office of the clerk of the county court, and by said clerk laid before the court at the first term thereafter." It is further provided by section 4580: "The clerk of the county court may, in the vacation of the court, grant licenses to dramshop keepers until the next term of the court, upon such person paying the amount levied for state and county purposes in proportion to the time such license shall continue, together with the *ad valorem* tax, in the same manner as if such license had been granted by the court." My opinion as to the true construction of this statute is that the clerk shall lay the petition before the court immediately, if in session when it is filed, or, if not so in session, then upon the first convening of court afterwards. The statute does not contemplate any delay in issuing the license further than is necessary for the court to ascertain whether the demands of the law have been complied with. No notice of the application for license, general or special, is required, nor is there any recognition of

the right of anyone not a party to the petition or pro-
ceedings to remonstrate or object. Nor is there any pro-
vision in this statute for a trial between the applicant,
the petitioners and the remonstrants. The whole pro-
ceeding is *ex parte.* · And, while the county court in
determining whether the applicant be of the character
required, and whether he has the requisite petitioners,
etc., ought to avail itself of all proper evidence and
information on the subject which may be offered, the
statute nowhere sanctions the right, as such, of anyone
to become a party to the proceedings, nor that anyone
shall have notice further than the very effective notice
which incidentally occurs by getting the majority of tax-
paying citizens. That the provision requiring the clerk
to lay the petition before the court at the first term
after filing was not intended for delay, is evident from
the entire statute on this subject. As, for instance,
when the county court is not in session, the clerk may,
by the express terms of section 4580, *supra,* immedi-
ately grant the license until the next term of the court,
and at the next term the person so licensed may apply
to the court to have such license extended or renewed.
Sec. 4581. If "the first term thereafter," as used in
this law, means absolutely the term which shall ensue
after the petition is filed, and excludes the term which
may then be sitting, the construction of the whole stat-
ute would inevitably lead to this : That, if the petition be
filed while the court is in session, the clerk could issue
the license immediately upon the adjournment of the
then present session, to run until the next term. This
is quite unreasonable, and is contrary to the apparent
and evident meaning of the law. The true construction
of the whole statute is, that, if the petition is filed with
the clerk while the county court is in session, it is filed
in court, and it is ready for immediate consideration
unless delayed or continued by the court. But, if the
petition be filed with the clerk in vacation, he may—
he is authorized to—grant the license until the next

term, whether it be an adjourned or regular term. In either event (whether he grants or not) he must lay the matter before the court at its next session.

We are not unmindful of the fact that the distinguished judge who delivered the opinion in *State ex rel. v. Heege*, 37 Mo. App. 338, proceeded, after having disposed of the case, to discuss this question, which, while appearing in the record, was not yet necessary to a decision of the case; in which discussion it will be found that the opposite view is taken from that to which we have here given expression. It is there observed that the county court had *no jurisdiction* to grant a license at the same term the petition is filed. And that, though the court be in session when the petition is filed, the clerk should not lay it before the court till the next term thereafter. While the question has not in terms been presented to the supreme court, yet that court has had this statute under consideration and the result of its decision is contrary to the views expressed in the *Heege case*. Thus in *State ex rel. Fitzpatrick v. Meyers*, 80 Mo. 601, the petition was filed with the clerk, December 6, and was laid before the court at an *adjourned* term, December 10. An "adjourned term" is not the "next term" in the sense relators contend. It is the same term. Yet the supreme court compelled an issuance of the license. In *State v. Evans*, 83 Mo. 319, it does not appear from the report of the case when the county court acted; but it was stated at the argument that the record in that cause disclosed that the petition was presented at the same term, perhaps at same day. The court held, however, that the license was not void, and that it was a protection from prosecution to the licensee. Of course, if the county court had no *jurisdiction* to grant it, as is contended in this case, it would have been void, and, therefore, no protection. Our conclusion is that the county court not only had jurisdiction in the case at bar, but that it did not exceed its powers in acting upon and

granting the license at the time it did, and we, therefore, rule the point against relator.

It was mentioned at the argument as being insisted upon that the county court exceeded its powers in granting one license to two persons jointly, as was done in this case. The statute in relation to dramshops does not literally cover more than one person. It declares, section 4569 : "A dramshop keeper is *a person* permitted by law, being licensed according to the provisions of this article, etc. And so the singular number is used throughout the chapter on this subject. But it should be borne in mind that, by article 2, chapter 98, Revised Statutes, 1889, in relation to the construction of statutes, the singular person shall include the plural in all cases, "unless there be something in the subject or context repugnant to such construction." Secs. 6568, 6569. We discover no reason why a license, in the discretion of the county court, should not be granted to two persons, if they jointly apply and are jointly petitioned for. The character of the applicants can be ascertained when applying jointly as when singly. By the terms of the statute the license is confined to one place and one dramshop ; allows but the one business; is not transferable, and I can perceive of nothing in the objection which is against the policy of the dramshop law. It may be suggested that the same section concerning singular and plural numbers also declares that persons shall include bodies corporate as well as individuals ; but here the saving clause ( above quoted ) of the repugnancy to such construction would doubtless apply ; for difficulties in such case as to proof of character and punishment for violation of the law would present themselves.

We have examined other points and suggestions made by relators, and our conclusion is that nothing is presented in them which would justify us, under our limited authority in cases of this nature, in disturbing

the action of the county court. It needs but the suggestion to show that if we were to entertain objections to such matters as the irregularity of the county court's proceedings, or to the propriety of their granting the license, or as to the correctness of their finding as to who are taxpayers, and as to what forgeries had been com mitted, we would soon have thrust upon us the duty of examining saloon licenses to the exclusion of most all other business.

The judgment of the county court will be affirmed. All concur.