The State ex rel. v. Mayor and Board of Aldermen of Neosho.

*Stillwell*, 27 Mo. 128.

In the case at bar it is expressly set forth in the agreed facts that the contract of letting was silent upon the question as to when the rent for the land became due. The clause *supra* shows that the court misapplied the law to the facts of this case.

Its judgment is, therefore, reversed and the cause remanded. . All concur.

STATE OF MISSOURI *ex rel*. JAMES ROBINSON *et al.*, Respondents, v. MAYOR AND BOARD OF ALDERMEN . OF NEOSHO, Appellants.

St. Louis Court of Appeals, March 20, 1894.

1. **Certiorari, Office of:** EVIDENCE OF JURISDICTIONAL FACTS DEHORS THE RECORD. When a writ of *certiorari* is employed by a court of general jurisdiction to control the proceedings of a special tribunal, not proceeding according to the course of the common law, the only question presented is whether that tribunal had jurisdiction in the premises, or, having jurisdiction, exceeded the same in its judgment or decision. Such jurisdiction must appear from some part of its record of its proceedings, and can not be shown by extraneous evidence.

2. ———: ———: ISSUE OF DRAMSHOP LICENSE BY COUNTY COURT. This rule is applied in a proceeding of *certiorari* to review the action of the county court in issuing a dramshop license, wherein it did not appear upon the face of the records of that court that the requisite signatures had been procured to a petition for the license.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

*A. J. Harbison* and *O. L. Cravens* for appellants.

It was for the board of aldermen to determine from extrinsic evidence whether or not the petition was signed by the assessed taxpaying citizens of the block,

and not from any allegation or showing the petitioner for license might make. *State v. Searcy*, 39 Mo. App. 400; *Riggins v. Brien*, 34 Mo. App. 613; *Snoddy v. Pettis County*, 45 Mo. 361; *State v. Mackin*, 51 Mo. App. 309; *State v. Evans*, 83 Mo. 319, 321, 322; *State v. Renfrow*, 111 Mo. 589. The consideration of the foregoing rules is not modified by the requirement, that all jurisdictional facts shall appear in a proceeding to condemn land for road and other kindred cases. It has been decided that these proceedings are *in invitum* and against common right, and should be strictly scrutinized and construed: *Colville v. Judy*, 73 Mo. 651–654. In support of their action the defendants ought certainly to have been permitted to introduce extrinsic evidence that the signers to the petition, upon which they acted, had the qualifications required by the ordinance. In order to arrive at the conclusion as to whether or not the board acted out of the line of its prescribed jurisdiction in granting the license, the circuit court ought surely to have taken the benefit of the same evidence that was before the board of aldermen, and committed error in not receiving the offered evidence.

*A. W. Anthony* and *John T. Sturgis* for respondent.

*Certiorari* brings up only the record of the inferior tribunal, and jurisdictional facts can not be supplied by evidence *dehors* the record. The oral evidence, therefore, offered in the circuit court to prove that the petition for a dramshop was signed by a majority of the assessed, taxpaying citizens of the block or square, was properly excluded. *House v. Clinton Co. Court*, 67 Mo. 522; *Railroad v. Board of Equalization*, 64 Mo. 294, 308; *State ex rel. v. City of Kansas*, 89 Mo. 34, 38; *State ex rel. v. Cauthorn*, 40 Mo. App. 94, 96; *State v.*

*Schneider*, 47 Mo. App. 675; *State ex rel. v. Smith*, 101 Mo. 174; *Fisher v. Davis*, 27 Mo. App. 321; *Haggard v. Railroad*, 63 Mo. 303; *Whitely v. Platte Co.*, 73 Mo. 30. The jurisdiction of inferior tribunals must appear by some part of the record of their proceedings. *State v. Schneider*, 47 Mo. App. 676; *State ex rel. v. Cauthorn*, 40 Mo. App. 49; *Zimmerman v. Snowden*, 88 Mo. 218; *Jefferson Co. v. Cowan*, 54 Mo. 234; *Fisher v. Davis*, 27 Mo. App. 321; *Ellis v. Railroad*, 51 Mo. 200; *Whitely v. Platte Co.*, 73 Mo. 30.

Bond, J.—Relators sued out a writ of *certiorari* against the appellant to vacate and annul a license, granted by it to one Thomas White as dramshop keeper in the city of Neosho.

The proceedings of the board of mayor and aldermen, returned under the writ of *certiorari*, disclosed that there was a called session of the board to accept a petition for a dramshop; that an application for license as a dramshop keeper was made by one Thos. White, stating, among other things, the following:

"This applicant would respectfully submit his bond with securities, together with a petition of a majority of the resident taxpaying citizens in said block 3, praying this council to grant to the applicant license as a dramshop keeper."

The taxpayers petition presented to said board was, to wit:

"*To the Honorable Board of Aldermen of City of Neosho, Mo.*

"We the undersigned resident taxpayers of block (3), McCord's addition to the city of Neosho, Newton Co., would respectfully petition your honorable body to grant to Thos. White a license to keep a dramshop in said block, and we would hereby state that the said Thos. White is a law abiding, assessed, taxpaying, male

citizen over twenty-one years of age." (Then follows divers signatures.)

The two sections of an ordinance referred to in relator's petition for the writ were also returned, and were, to wit:

"Sec. 2. No license shall be granted to keep a dramshop, until a majority of the assessed taxpaying citizens, and guardians of minors owning property in the block or square in which the dramshop is to be kept, shall sign a petition asking for such license to keep a dramshop in such block or square. *Provided*, however, if the board of aldermen shall be of the opinion that the applicant is a law abiding, assessed, taxpaying male citizen, twenty-one years of age, and the petition contains the proper names subscribed thereto of two-thirds of the assessed taxpaying citizens and guardians of minors owning real estate therein, as shown by the last previous annual assessment and vote of the city in the block or square where such dramshop is to be kept, then the board of aldermen shall grant such license. Provided no minor shall be counted on said petition or against said petition."

"Sec. 4. If the petition required by section two of this ordinance shall be signed by a majority of the assessed taxpaying citizens, and guardians of minors owning property in the block or square in which the dramshop is to be kept, as shown by the last previous annual assessment of the city, and shall be accompanied by a bond required by the last preceding section, and provided, however, that the board of aldermen shall be of the opinion that the applicant is a law abiding, assessed, taxpaying male citizen above twenty-one years of age, it shall be the duty of the board of aldermen to allow the applicant a license for six months to keep a dramshop as prayed for in the petition upon payment, of the amount of license levied thereon to the city col-

lector as provided in the next succeeding section."

The record of the meeting of the board was as follows:

"The board of alderman met pursuant to call of mayor. Present: mayor, clerk, attorney, marshal, and aldermen Osborn, Stewart, Early, Smith and Myers. Abbott, absent.

"Thos. White presents his application for a dramshop license, which was read by the clerk and on motion accepted. When Mr. White presented his petition signed by taxpayers of block 3, McCord's addition to Neosho, and upon canvassing same, it was found that Mr. Thos. White had at least two-thirds of the property owners of said block on said petition. A motion to grant Thos. White a license to keep a dramshop for a period of six months from October 18, 1892, was carried by the following vote: Osborn, Stewart, Early and Smith voting aye; Myers voting no, Mr. Thos. White presents his bond for $2,000, signed by Isaiah Robinson and M. Fishel as sureties, which was on motion approved by the board."

The evidence disclosed the declination of the attorney general and the prosecuting attorney of a request for the use of their official names in the bringing of this proceeding, and that the city of Neosho contains more than two thousand inhabitants.

Appellants offered to show by witnesses "that the list of names subscribed to Thomas White's petition comprised at least two-thirds of the qualified, assessed, taxpaying citizens owning real estate in the block, city and county named in the petition."

The evidence was excluded on respondents' objection, to which ruling exception was saved.

The cause was then submitted to the court, which found the issues for respondents, and revoked the license granted by appellants, from which judgment

this appeal was taken.

Under the present statute it is not lawful "to grant any license to keep a dramshop in any town or city containing two thousand inhabitants or more, until a majority of the assessed taxpaying citizens, and guardians of minors owning property in the block or *square in which the dramshop is to be kept, shall sign a petition asking for such license.*" Acts of 1891, p. 128, sec. 8.

It is conceded by appellants that, if the question of compliance with the foregoing statutory requirement is to be determined from the face of the proceedings shown in the return of the board of mayor and aldermen of the city of Neosho to the writ of *certiorari* directed against it by the circuit court of Newton county, it must be held that the dramshop license issued by that body was without authority of law and void, since it nowhere appears in any part of the proceedings taken to secure the license that the statutory condition *supra* was met.

Appellants, however, contend that the circuit court erred in excluding extrinsic evidence by parol, offered by them on the hearing of this writ for the purpose of showing that the petition for license as dramshop keeper was signed by two-thirds of the qualified assessed taxpaying citizens owning real estate in the block described in the petition.

We do not think the circuit judge committed any error in excluding this testimony. The fault of appellant's position is that it is based on a misconception of the nature and purpose of a writ of *certiorari*, when employed by a court of general jurisdiction to control the acts and doings of a special tribunal, not proceeding according to the course of the common law.

The ground of the right to this writ, in such cases, is the superintendence vested in the circuit court at common law, and in other superior courts by the con-

stitution and statutes, over the proceedings of inferior tribunals from whose decision there is no right of appeal or writ of error.

The questions brought up for review are therefore whether or not the special tribunal had jurisdiction in the premises, or, having jurisdiction, whether or not it exceeded that jurisdiction in its judgment or decision. To this end the writ of *certiorari* is a direct attack upon the proceedings of the lower tribunal. *Chicago Railway Co. v. Young*, 96 Mo. 43; *State ex rel. v. Moniteau County Court*, 45 Mo. App. 387; *State v. Schneider*, 47 Mo. App. 669.

The fact that the writ of *certiorari* is given, when no writ of error lies and no appeal can be taken, demonstrates that no issues of fact or law, arising in the course of the proceedings before the special tribunal, are open for subsequent review; but that the decision of all these questions is intrusted to the judicial discretion of the inferior tribunal acting within the limits of its jurisdiction.

This conclusion results also from the nature of the return, which brings up only the proceedings of record in the inferior tribunal. *Hannibal & St. Joe R'y Co. v. State Board of Equalization*, 64 Mo. 294; *House v. Clinton County Court*, 67 Mo. 522; *State ex rel. v. Smith*, 101 Mo. 174; *State ex rel. v. City of Kansas*, 89 Mo. 34; *State v. Police Commissioners*, 14 Mo. App. 308, 310.

It is accordingly the law that the jurisdiction of inferior tribunals, when attacked by a writ of *certiorari*, must appear by some part of the record of their proceedings. *State v. Schneider*, 47 Mo. App. 669; *State ex rel. Harrah v. Cauthorn*, 40 Mo. App. 94; *Zimmerman v. Snowden*, 88 Mo. 218; *Jefferson Co. v. Cowen*, 54 Mo. 234.

The result is that the judgment herein is affirmed. All concur.