STATE ex rel. C. H. HOWARD et al., Relators, v. G. S. SCOTT et al., etc., Respondents.

St. Louis Court of Appeals, November 25, 1902.

1. **Dramshop: LICENSE TO RUN A DRAMSHOP: PETITION FOR LICENSE TO RUN A DRAMSHOP: COUNTY COURT.** Where petitions for a license to run a dramshop were made out on printed blanks, and three of said petitions were not signed by the applicants, nor by any one for them, and in one of them the blanks for the insertion of the name of the applicant, and the county and township where the dramshop was to be located, were not filled out, the signers of such petitions should not be counted in determining whether a sufficient number of signers had been obtained to justify the license.

2. ——: ——: ——: LICENSE CAN NOT BE GRANTED TO PARTNERSHIP: STATUTORY CONSTRUCTION. Section

2993, Revised Statutes 1899, restricts the granting of a dramshop license to "a law-abiding, assessed, taxpaying, male citizen above twenty-one years of age," and there is no authority to grant a dramshop license to a partnership as such, in the partnership name.

Petition for Writ of Certiorari to Review the Issuance of Liquor License.

LICENSE REVOKED.

*A. P. Murphy* for relators.

The court was without authority of law or jurisdiction, as follows: (1) To issue or grant a license at a special term. Sec. 2997, Acts 1901, page 142. (2) To issue license without petition being filed ten days before first day of the court to which it was to be presented. Ibid. (3) To issue license to any but male citizens. Sec. 2993, R. S. 1899; State ex rel. v. County Court, 66 Mo. App. 99; State v. Higgins, 84 Mo. App. 536. (4) To issue license except upon a petition signed by a majority of both the assessed taxpaying citizens and guardians of minors. Sec. 2997, Acts 1901, page 142; State v. Cauthorn, 40 Mo. App. 94; State v. Reider, 45 Mo. App. 387; State v. Mayor, 57 Mo. App. 192.

*W. D. Johnson* and *O. B. Givens* for respondents.

(1) The county court of Pulaski county had jurisdiction, and granted the license in question by authority of law. Said court had the power to issue or grant a license at a special term. R. S. 1899, secs. 1785 and 1787, provide for the holding of special terms and adjourned terms of county courts, without restriction of jurisdiction. (2) The record shows that the application and petition for a license was filed in the office of the clerk of the county court ten days before the first day of the court to which it was presented. (3) The record shows by the application for a license, and the finding and judgment of the court, that the applicants were law-abiding, assessed taxpaying male citizens of Tavern township, Pulaski county, Missouri, and over twenty-one years of age, hence, the cases cited under

the third clause or section of relator's brief do not apply to this case. (4) The record shows that the petition for a license was signed by a majority of the assessed taxpaying citizens and guardians of minors owning property in Tavern township, Pulaski county, Missouri. State ex rel. v. Cauthorn, 40 Mo. App. 94; State ex rel. v. Moniteau County Court, 45 Mo. App. 387.

BLAND, P. J.—This is an original proceeding by writ of certiorari sued out by relators to test the validity of an order of the Pulaski County Court granting to G. A. Burchard & Company a license to keep a dramshop in said county.

Respondents, Scott and Cobb, two of the judges of the Pulaski County Court, to the writ of certiorari heretofore issued herein, made return by sending us a part of the original files and a certified copy of the proceedings in the Pulaski County Court resulting in an order of the court granting to G. A. Burchard & Company a license to keep a dramshop in Tavern township, in said county. Judge Crews, the other judge of the court, made a separate return stating that he protested against the making of an order granting a license and voted against the same, stating the ground of his objections.

The order granting the license is as follows:

"Now at this day comes G. A. Burchard & Company and present their petition and ask the court to grant them a license to keep a dramshop in the town of Crocker, Missouri, and after an examination by the court they find that said petition is signed by 201 taxpaying citizens of Tavern township, being a majority of said township, it is ordered by the court that the clerk issue them a license for the term of six months from the twenty-second day of September, 1902, and that he file a bond in the sum of $2,500."

It is stated in the return that by virtue of this order a dramshop license was granted to G. A. Burchard & Company on September 22, 1902, for a term of six

months expiring March 22, 1903. Among the original files sent up with the return, and made a part of it, is the petition of Burchard & Company for the license and a protest against the issuance of the license, signed by seven taxpaying citizens of Tavern township. The protest sets forth seven valid reasons in opposition to the granting of the license.

The petition for a license, if it may be termed one, consists of seven separate and distinct booklets or folders. On the front page of each of the folders is a printed application for a dramshop license in proper form, with blank spaces for the insertion of the county, the place where it is proposed to keep the dramshop and for the signature of the applicant. On the succeeding page is a printed petition in proper form with blanks for the insertion of the county, township and name of the person to whom the license is requested to be issued, followed by blank pages for the signature of the petitioners. On the back of each of these seven folders is the indorsement: "Filed September 6, 1902, E. G. Williams, Clerk." In three of the folders the application for license is not signed by the applicants or any one for them. In one of them the blanks for the insertion of the name of the applicant, the county and township where the dramshop is to be located, were not filled out. These folders were prepared for the obvious purpose of enabling a number of persons to canvass different parts of the township for petitioners for the license at the same time, and it appears from the folders themselves that this was done in this instance. The folder in which the blanks in the printed petition for the license were not filled out has on it forty-seven names or signatures. It does not appear from this folder, or from any part of the record, that these forty-seven persons signed the petition for a license to any person, to keep a dramshop to be located anywhere, and they should not have been counted (as was done) as taxpaying citizens of Tavern township favoring the granting of the license.

Section 2993, Revised Statutes 1899, restricts the

granting of a dramshop license to "a law-abiding, assessed, taxpaying, male citizen above twenty-one years of age." There is no authority to grant a license to a partnership as such, in the partnership name, as was done in this instance. Where the application is made by a co-partnership the application should be made in the name of the individual members of the partnership. Each member should sign the application and he should fill the statutory requirements, that is, he should be a law-abiding, assessed, tax-paying, male citizen above twenty-one years of age, and the license should be issued to the individuals doing business under the partnership name.

The license issued to G. A. Burchard & Company purports to be issued to G. A. Burchard and some other person or persons associated with him as partners in the saloon business. Who they are does not appear; whether they be male or female is not disclosed, or whether they are law-abiding, taxpaying citizens of Pulaski county is left to conjecture.

For the reasons herein stated we conclude that the law, in respect to the granting of the dramshop license, was not complied with in this instance and we grant the prayer of the relators.

The judgment of the court is that the order of the county court of Pulaski county entered on September 16, 1902, granting G. A. Burchard & Company a license to keep a dramshop in Tavern township for six months from September 22, 1902, be revoked, quashed and annulled. It is so ordered. *Barclay* and *Goode, JJ.,* concur.