STATE ex rel. CROW, etc., Relator, v. PAGE et al., etc., Respondents.

St. Louis Court of Appeals, May 10, 1904.

·1. **DRAMSHOPS: Requisites for License: Power of County Court.** The power of the county court to grant dramshop licenses is purely statutory, and can be exercised only when all the requirements of the statutes in respect thereto have been complied with, and, unless it appears on the face of the proceedings that the statutes have been complied with, in every particular, the license will be annulled on a writ of certiorari.

2. ———: ———: **Petition.** Under section 2997, Revised Statutes of 1899, a license granted by a county court in a town of less than 2,000 inhabitants will be annulled on a writ of certiorari, unless the record of its proceedings affirmatively shows that a majority of the assessed and taxpaying citizens and guardians of minors owning property in the blocks or square in which the dramshop is to be kept, have signed the petition asking for such license.

3. ———: ———: **Dramshop Keeper.** Such license will be annulled unless the proceedings also affirmatively show that the applicant for the license was a law abiding, assessed taxpaying male citizen above twenty-one years of age.

Certiorari from Washington County Court.

LICENSE REVOKED.

*Edward C. Crow* and *Dunning & Eversole* for relator.

Under the application and petition the court did not have jurisdiction to grant the license for the following reasons: First. The record fails to show that the

applicant was "a law abiding, assessed, taxpaying, male citizen, above the age of twenty-one years." State v. Scott, 96 Mo. App. 620; State ex rel. v. County Court, 66 Mo. App. 96; State v. Higgins, 84 Mo. App. 536. Second. The record fails to show that the petition was signed by a majority of the taxpaying citizens and guardians of minors owning property in the city of Potosi. State ex rel. v. Heege, 37 Mo. App. 338; State v. Cauthorn, 40 Mo. App. 94; State v. Reider, 45 Mo. App. 387; State v. Mayor, 57 Mo. App. 192; Laws 1901, p. 142.

BLAND, P. J.—On October 23, 1903, William J. Carrigan filed in the clerk's office of the county court of Washington county, Missouri, the following petition:

"State of Missouri, county of Washington, ss.

"In the county court. November term, 1903.

"To the honorable the county court of said county:

"Your applicant, being desirous of keeping a dramshop at Potosi in said county, respectfully applies for a license to keep a dramshop at said place for the period of six months, in accordance with the statute in such case made and provided.

"WILLIAM J. CARRIGAN,
"Applicant."

"PETITION FOR LICENSE FOR DRAMSHOP KEEPER.

"State of Missouri, county of Washington, ss.

"In the county court. November term. A. D., 1903.

"To the honorable county court of said county:

"The undersigned, your petitioners, assessed taxpaying citizens and guardians of minors owning property in the city of Potosi, in said county, respectfully petition and ask your honorable body to grant a license to William J. Carrigan to keep a dramshop at his stand on part of lot 19, Old Village Mine a Breton, now Potosi,

for a period of six months, in accordance with the stat-
utes, in such cases made and provided.

"Signed.

"Petitioners' Names.    Petitioners' Names."

On November 5, at the November term, 1903, the
county court on said petition made the following order:

"State of Missouri, county of Washington, ss.
                "November Term, 1903.

"In the county court of said county, on the fifth day
of November, 1903, the following, among other proceed-
ings, were had, viz:

"Now at this day comes Wm. Carrigan and presents
to the court here an application in writing and a peti-
tion to keep a dramshop at his stand on part of lot 19,
Old Village of Mine a Breton, now Potosi, Washington
county, Missouri, which being examined by the court
is found to contain a majority of the assessed taxpay-
ing citizens of said town of Potosi. It is therefore or-
dered by the court said petition be accepted and ap-
proved and that a license be granted to the said Wm.
Carrigan to keep a dramshop aforesaid."

A license was issued to Carrigan on the above or-
der to keep a dramshop for a period of six months.

On April 21, 1904, the relator, Edward C. Crow,
attorney-general, filed in this court a petition asking
that a writ of certiorari directed to the respondents, jus-
tices of the county court, commanding said court to send
before this court the records and proceedings in respect
to the order granting a license to Carrigan to keep a
dramshop and prayed that the license issued to Carri-
gan be declared null and void. To the writ issued upon
the petition, the respondents, as justices of the county
court of Washington county, have returned to us a
transcript of all the records and proceedings pertain-
ing to the application of said Carrigan for a dramshop
license. This court takes judicial notice that Potosi is
a city with less than two thousand inhabitants. In cities

of less than two thousand inhabitants it is declared by section 2997, Revised Statutes 1899, as amended in 1901 (Laws of 1901, p. 142), that it shall not be lawful for any county court to issue a license to keep a dramshop in any such town until a majority, both of the assessed taxpaying citizens and guardians of minors owning property therein in the block or square in which the dramshop is to be kept, shall sign a petition asking for such license to keep a dramshop therein. Section 2993, Revised Statutes 1899, provides that one to be qualified to keep a dramshop must be a "law-abiding, assessed, taxpaying male citizen, above twenty-one years of age." The power conferred on the county court to grant dramshop licenses is purely statutory and can be exercised only when all the requirements of the statutes in respect thereto have been complied with and it is the duty of the county court, when it attempts to exercise this power, to ascertain for itself that the petitioner has obtained the signatures of a majority of the taxpaying citizens and guardians of minors owning property in the locality to be affected by the dramshop as required by section 2997, supra, and also that the applicant is "a law-abiding, assessed, taxpaying male citizen above twenty-one years of age." That the court has considered the application and petition and investigated and found that the statutes have been complied with in every particular and that the applicant possesses the requisite qualifications to be licensed, must appear affirmatively upon the face of the proceedings to validate the license, has been repeatedly held to be the law in this State. State ex rel. Campbell v. Heege, 37 Mo. App. 338; State ex rel. Harrah v. Cauthorn, 40 Mo. App. 94; State ex rel. Reider v. County Court, 45 Mo. App. 387; State ex rel. v. Mayor, etc., of Neosho, 57 Mo. App. 192; State ex rel. v. Higgins, 71 Mo. App. 180; State ex rel. v. Scott; 96 Mo. App. 620. Tested by these authorities, the order granting the license to Carrigan is insufficient for the following reasons: The petition does not purport to be

signed by a majority of the taxpaying citizens and guardians of minors owning property in the block or square where the dramshop is located, nor does the order of the county court granting the license find as a matter of fact, that a majority of the taxpaying citizens and guardians of minors owning property in said block signed said petition. It is also insufficient in that the county court did not find that Wm. J. Carrigan is a law-abiding, assessed, taxpaying, male citizen, above twenty-one years of age. These facts are jurisdictional. Their absence from the record is fatal to the order of the county court granting the license, wherefore, it is considered and adjudged that the license be, and the same is, hereby declared null and void. *Reyburn* and *Goode, JJ.,* concur.