STATE ex rel. MARBURY, etc., Relator, v. TULLOCK et al., etc., Respondents.

### St. Louis Court of Appeals, October 18, 1904.

1. **DRAMSHOP LICENSE: Petition.** A blank form of petition for a dramshop license, in which the blanks are not filled out, so that it is not addressed to any county court and does not designate the town where the signers reside, nor ask for a grant of license for any person to keep a dramshop at any place, is not a "petition" within the meaning of the statute requiring a petition for dramshop license.

2. ———: ———: Nor was the blank form helped by connecting it with the petitioner's application for license, to which it was attached, because the petition contained no reference to the application.

3. ———: **Findings of the County Court: Collateral Attack.** A petition for a writ of certiorari, whereby the Court of Appeals may review the proceedings of the county court in the matter of granting a dramshop license, is a direct and not a collateral attack on such action of the county court, and the Court of Appeals is not concluded by the findings of the county court as to the sufficiency of the petition for the dramshop license.

Certiorari to St. Francois County Court.

LICENSE REVOKED.

GOODE, J.—On petition of the plaintiff a writ of certiorari was issued by a judge of this court, returnable in term, to the judges of the county court of St. Francois county, commanding them to certify to this court the records in the matter of a dramshop license granted by said county court to C. F. Zimmerman, July 11, 1904. In response to the writ the defendants have made a return containing a full account of the proceedings in that matter and also, as part of the record, the original application and petition for the license. It is the contention of the relator, who is the prosecut-

ing attorney of St. Francois county, that the county court in granting the license, acted without jurisdiction, for the reason that no petition, signed by the proper citizens, was presented to the court. Zimmerman's application was for a license to keep a dramshop in the town of Doerun, Pendleton township, and in lot ten of I. W. Barry's subdivision of said town.

The point that no petition was presented is well taken. The supposed petition which the county court acted on as giving it jurisdiction, was a printed blank to which certain names were appended and was in this form:

"PETITION FOR LICENSE AS A DRAMSHOP KEEPER.

In the County Court.

"State of Missouri, County of ———, ss.:
——— Term, 19—.

"*To the Honorable, The County Court of Said County*:
"The undersigned, your petitioners, comprising a —— majority, both of the assessed taxpaying citizens, and guardians of minors owning property therein, and in the block or square in which said dramshop is to be kept, in the —— of ———, in said county, respectfully petition and ask your honorable body to grant a license to ———· ——— to keep a dramshop at ——— for a period of six months in accordance with the statutes in such case made and provided.

"Respectfully, etc.
(Signed.)
"WM. LONDON," and others.

It is impossible to hold that said blank form, with the appended signatures, was a petition for a license within the meaning of the statute. It was not addressed to any county court, nor did it designate the town where the signers were resident, nor ask for a grant of license

to any person to keep a dramshop at any place. The word "petition" as used in the statutes, means a request by eligible citizens to a county court to grant a license to a designated applicant to keep a dramshop in a designated locality. This legal sense of the word is thus defined by a recognized authority:

"A formal request, written or printed and signed by one or many, preferred to a person in authority or to a legislative or administrative body, asking for the bestowal of some benefit or privilege, the concession or restoration of a right, the redress of a grievance, or such other special action as the applicants desire." Standard Dictionary.

A legal lexicographer thus defines the word:

"A written address, embodying an application or prayer from the person or persons preferring it, to the power, body, or person to whom it is presented, for the exercise of his or their authority in the redress of some wrong, or the grant of some favor, privilege or license.

"An application made to a court ex parte, or where there are no parties in opposition, praying for the exercise of the judicial powers of the court in relation to some matter which is not the subject for a suit or action, or for authority to do some act which requires the sanction of the court; as for the appointment of a guardian, for leave to sell trust property, etc." Black, Law Dictionary.

The so-called petition in this case was nothing but a list of names appended to a blank form. An attempt was made to help it out by connecting it with Zimmerman's application for license, to which it was attached. But the petition contains no reference to the application so as to make the latter a part of it. Moreover, the signatures run through two blank books and one of these books contains no signed application, the printed forms for the application and for the petition both being blank. It is evident that the two blank books were circulated separately among the taxpayers for signatures,

and the signers in the book in which both the application and the petition are in blank, can by no sort of reasoning be held to have signed a petition for Zimmerman's license. This was ruled in State ex rel. v. Scott, 96 Mo. App. 620, 70 S. W. 736.

It is contended by counsel for the respondents that as the county court found a sufficient petition had been presented, the finding is conclusive. Judgments are often treated as nullities even in collateral actions when a lack of jurisdiction in the deciding court appears from an inspection of the record on which they were based; as is true of the record on which the court acted in making the order for the license in controversy. But this is a direct and not a collateral attack. It is a proceeding to vacate the order for want of jurisdiction, or power to make it; the remedy invoked is the one provided by law for the purpose of vacating such judgments of county courts rendered without jurisdiction, and no right of an innocent party is involved. These elements constitute a direct attack. Van Fleet, Coll. Att., secs. 2 and 3; Brown, Jurisdiction (2 Ed.), p. 154, sec. 26c. Certiorari is the proper procedure in such instances. Railroad v. Board of Equalization, 64 Mo. l. c. 308; Railroad v. Young, 96 Mo. 39, 8 S. W. 766; State ex rel. v. Cooper County Court, 66 Mo. App. 97; State ex rel. v. Smith, 101 Mo. 174, 14 S. W. 108.

The judgment of the county court granting the license is quashed and set aside and the license revoked. All concur.