STATE ex rel. CLEM' KNOX, Relator, Appellant, v. HIRAM SELBY et al., Respondents.

Kansas City Court of Appeals, November 16, 1908.

1. CERTIORARI: Police Judge: Impeachment of: Admonition. On complaint of a city attorney the council of a city as a court of impeachment tried its police judge and after animadverting upon his conduct closed the record "with the expression of its judgment" that "it preferred to let the matter rest." Held, the action was tantamount to an acquittal and that the police judge was not entitled to a writ of certiorari to quash the record, since that writ is not a salve for wounded feelings and cannot take the place of actions which the law provides in such cases.

2. ———: **Jurisdiction: Excess of.** Where a tribunal having jurisdiction makes an order in a matter pending before it exceeding its powers, certiorari will lie; but the above action was within the jurisdiction of the council.

Appeal from Adair Circuit Court.—*Hon. Samuel C. Davis,* Special Judge.

AFFIRMED.

*P. F. Greenwood* and *A. Doneghy* for appellant.

(1)   The complaint filed by the city attorney with the mayor and council nowhere stated any facts that would render the relator Knox, subject to impeachment under section 5761, Revised Statutes 1899.  R. S. 1899, secs. 5791, 5793, 5795, 5802.  And the only jurisdiction that the mayor and council had by virtue of the complaint filed by the learned city attorney was to dismiss the said complaint and proceed no further.   (2)   If the mayor and council went further and made any other finding or order than was warranted by the facts stated in the complaint then such an order was in excess of its jurisdiction not responsive to the complaint, and should be corrected by the circuit court, which, said circuit court, by virtue of section 23, art. 6, Constitution is given a superintending control of the mayor and council.  State v. Modlin, 95 S. W. 346, 197 Mo. 376. The circuit court should exercise that control no matter what the form of the writ.  Bennett v. McCaffery, 28 Mo. App. 221.   (3)   For the city council to go further and make other and irrelevant findings and orders was an excess of authority and injurious to relator.  Finkelnberg, Appellate Prac. (2 Ed.), 222; State ex rel. v. Company, 45 Mo. App. 392.  The writ will lie before any final judgment.  Finkelnberg, Appellate Practice, pp. 223, 224; State ex rel. v. Dobson, 135 Mo. 19.  The petition stated sufficient facts for the issuance of the writ.   The writ was directed to the right parties.

Finkelnberg, Mo. Appellate Prac., p. 224. (4) The writ issues in all cases where an inferior tribunal or board of officers, is alleged to have exceeded its proper jurisdiction, or is otherwise acting illegally, when in the judgment of the court applied to, there is no other plain, speedy and adequate remedy. Edgar v. Greer, 14 Iowa 212. (5) The council having exceeded its authority relator should have the right to have the record certified to the circuit court. Mo. App. Prac., 226; State ex rel. v. Springer, 134 Mo. 212; Dillon, Mun. Corp. (2 Ed.), secs. 740, 742, pp. 843, 846.

*Campbell & Ellison* and *Weatherby & Frank* for respondents.

ELLISON, J.—Relator was police judge and respondents were the mayor and councilmen of the city of Kirksville. Relator obtained a writ of *certiorari* from the circuit court directed to the mayor and councilmen. The writ was quashed by the latter court on the motion of respondents and relator appealed.

It appears from the petition and writ that one William Smith was convicted in the police court, over which relator presided, for carrying concealed weapons, and fined three dollars. Thereafter the city attorney made complaint to the city council of the proceedings of the relator in Smith's conviction and asked that he be impeached and removed from office as is provided by section 5761, Revised Statutes 1899. The complaint is in the following words:

*"To the Honorable Mayor and City Council*:

"On March 31, 1908, I, as city attorney, filed a complaint in the police court against one William Smith, charging him with carrying concealed weapons. A warrant was issued on said complaint and placed in the hands of S. T. Hull, marshal. Smith was arrested and appeared in court, and entered his plea, not guilty.

The cause was set for trial on April 1, 1908. On April 1, 1908, the police judge was absent from the city and the case was not tried.

"It was undoubtedly the duty of the police judge to reset this cause and notify the officers interested in the prosecution of the case, on what day the case was set for trial and he was requested so to do.

"The record so far made in this case shows that a trial to the court and a finding of guilty and fine of three (3) dollars assessed. All this was done by the police judge without knowledge of the city attorney or marshal, or without any notice from the police judge to the city attorney that the case was set for trial.

"Section 5761 of the Revised Statutes of Missouri, 1899, provides: The mayor may, with the consent of majority of all the members elected to the city council, remove from office, for cause shown, any elective or appointive officer of the city, such officer first being given opportunity, together with his witnesses, to be heard before the council, sitting as a court of impeachment. . . .

"If the police judge is permitted to handle cases in this manner the law cannot be impartially enforced, therefore, I would ask that an investigation of the conduct of C. Knox, police judge, be had in accordance with said section 5761.

"Respectfully submitted,
"WM. FRANK, City Attorney."

The proceedings of the city council, after reciting the city attorney's complaint and the police judge's appearance and defense, were set out in the petition in the following language: "After deliberation the council is unable to satisfy itself that a proper trial was had before said police judge in the said Smith case, or that the record made in said case, where said record says that a trial was had, states a fact. The

council is unable to reconcile a fine of $3 with an alleged offense where the minimum fine fixed by law is understood to be $50.

"Although unwilling to deal severely with said Clem Knox, police judge, the council does not think said Knox, as shown by his own explanation, appreciates sufficiently, the gravity of his action in the said Smith case.

"The council, after expressing to said Knox its profound regret that he should, from the evidence and from his own remarks seem to lack that dignity of bearing and mental attitude which should characterize a judge of the police court, does, with this expression of its judgment, prefer to let the matter rest."

It will be noticed from the foregoing that no judgment of conviction on the impeachment was rendered or entered in the council record. The proceedings recorded are tantamount to a judgment of not guilty, and the accompanying statements are merely the reasons for such judgment. In such condition of the record was relator entitled to the writ? We think he was not. If he did not suffer legal injury he is not a party with sufficient interest to justify an application for such extraordinary remedy.

It is common knowledge that courts, and tribunals exercising for the time the functions of courts, frequently discharge a person of an accusation with a statement of reasons therefor which often partakes somewhat of the character of lectures, admonishments and warnings. It is true that these, in most instances, escape the record and in consequence they are not preserved. But whatever may be improper or unwarranted in them is as improper and unwarranted where they end with the mere utterance as when they are set down in writing; and there is no more practical difference between them than there is between slander and libel. So it would seem that relator has called

for the aid of an extraordinary proceeding against his superior officers for only an ordinary and harmless admonition which, though it may have been sufficient to cause embarrassment, was not of such gravity as to justify the interpostion of a court in the use of a writ of such unusual character as to be rarely sought. *Certiorari* is not a salve for wounded feelings and should not be allowed to take the place of actions which the law has provided for such cases.

In this case the city council had jurisdiction of the impeachment proceedings, and while the writ is not confined to cases where there is an entire want of jurisdiction, but "may be resorted to where, having jurisdiction, the tribunal makes an order exceeding its powers" (State ex rel. v. County Court, 45 Mo. App. 387), yet, in this instance, no order of any kind was made. We agree with the trial court and affirm the judgment. All concur.