STATE OF MISSOURI ex rel. H. P. FARRIS, Relator, v. M. R. AMICK et al., Judges of the County Court of Henry County, Missouri, Respondents.

**Kansas City Court of Appeals, January 22, 1912.**

1. **DRAMSHOPS: Petition: License.** A petition for a dramshop license remains in force for a year from granting the first license thereon, and not for a year from the time it is filed with the county clerk or county court.

2. ————: ————: ————: **Remonstrance: Continuance.** When a petition for a dramshop license is placed before the county court by the clerk, the statute contemplates that issues may be made by remonstrance of citizens which will require a trial and exigencies may arise making it proper and just to continue the matter for a time. If such continuance is granted it does not make the subsequent granting of the license illegal.

3. ————: ————: ————: **Bond: Form: Approval: Sureties.** The statute directed the Attorney-General to prepare a form of bond to be given by a dramshop keeper seeking a license from the county court. But directed that the sureties were to be approved by the court. The Attorney-General appended a blank affidavit of solvency to a form approved by him. It was held that this was not a part of his duty and that a bond in approved form, but with sureties approved by the court, was valid without the affidavit.

Original certiorari.

PRAYER OF RELATOR DENIED.

*Johnson & Lucas* for relator.

*Parks & Son* and *James D. Lindsay* for respondents.

ELLISON, J.—Relator, complaining of the action of the county court of Henry county in granting a dramshop license, obtained a writ of *certiorari* from the presiding judge in vacation, whereby he seeks to have the license revoked. Return has been made by the judges of the county court. The points of objection to the action of the county court and the validity of the license, are that the bond required of the dramshop keeper is void in that the sureties were not sworn that they were owners of a certain amount of property above exemptions; and that the license was granted for a longer time than the life of the petition asking therefor.

The facts are these: The petition for license was filed with the county clerk on the 21st day of December, 1910. The first term of court thereafter, as relator alleges, was on the 2nd day of January, 1911, and was an adjourned term of the regular November term of 1910. It seems the county court entertained some doubt whether it should hear the application for the license at this adjourned term. This doubt arose as a result of a question made as to whether the ten days which the statute requires the petition to be on file before the license is granted meant ten days before an adjourned, or a regular term, and as the regular term would begin on the first Monday of the following month of February, the matter of granting the license was continued to that term. On the 7th day of February a license was granted for six months, expiring the 6th of August, 1911; which was renewed at the latter date for six months, expiring the 6th day of February, 1912.

It thus appears that the one year for which the license, as renewed, was issued would not expire until a year and forty-six days had elapsed since the filing of the petition on December 21, 1910. The position of the relator is that as, in his view, the life of the petition is limited to one year, and that since the statute requires it to be filed with the clerk ten days before it is acted upon, its limitation of one year begins from the expiration of that time, and therefore a license cannot be granted for a period exceeding a year and ten days from the date the petition is filed. In other words, that the license in question was issued for a space of thirty-six days more than the statute permits, and is therefore void.

The statute (Sec. 7201, R. S.1909), as a requisite to granting a dramshop license by the county court, requires that it shall be petitioned for. The petition must be filed with the clerk of the court for public inspection not less than ten days before the term at which it is presented, and it must be laid before the court at the first term after it is filed.

The same statute reads that "no license shall continue in force longer than the petition upon which it is granted." Therefore, the question decisive of this case is, what is the life of a dramshop petition. Relator says from the time it is filed and ten days more. But that is an answer in the face of the statute itself, which reads, that, "said petition shall be in force and effect for a period of one year from the date of granting of the first license thereon, and no longer." The date of the granting of the first license in this case was the 7th day of February, 1911; therefore, using the words of the statute, the petition was "in force and effect for a period of one year" thereafter, viz., the 6th of February, 1912. To announce that the period marking the life of the petition begins on the day it is filed, would be to make a court amendment of the statute. The statute itself distinguishes between

the filing of the petition and the beginning of the limit of its period of existence. It is to be filed with the clerk at least ten days before the next term of the county court, to be in force, not for a year from that day, but for a year from the future day upon which the license is granted.

The Legislature in measuring the life of the petition by that of the license, manifestly had in view that the matter of the exact day upon which the license would be granted could not be known. It directed the clerk to let the petition lie for public inspection for ten days and to lay it before the court at the first term afterwards. But it nowhere directs that the court shall immediately grant or refuse the license. Frequently the citizens divide on the question of license and a remonstrance is filed with the court, either objecting to a license at all, or objecting to the mode of obtaining it, the character of the applicant, or the qualification of the petitioners. Instances may be reasonably supposed where it would be a ruthless violation of the rights of remonstrating citizens to force a trial as provided by section 7193, R. S. 1909, in the absence of evidence which they have not been able to secure, but can get if the court would give proper time. So instances might occur where the applicant is not prepared for some unexpected development in the attack on himself or his petition. So, questions of law might arise making it necessary, or, at least, reasonable, that a continuance for a time be had. Thus a reasonable continuance might be necessary; and thus appears a good reason for the Legislature's setting the date of the license as the beginning of the year's life of the petition.

The nature of the subject and the semi-annual limitations of life put upon dramshop licenses, indicate that the Legislature contemplated the county courts would be expeditious in determining license questions, and to that end the county clerk is required

to lay the petition before the court after ten days from filing. But to say that express words shall be cut out of the statute and others substituted in their stead, is obtaining expedition at a prohibited price. The continuance in this case does not evidence a purpose to thwart the law. And if the face of the record shows jurisdiction in the county court, the matter of continuance was a part of the judicial proceeding which that court had a right to determine. [State ex rel. v. Fort, 107 Mo. App. 328; State ex rel. v. Moniteau County Court, 45 Mo. App. 387.]

We are cited by relator to State ex rel. v. Mulvihill, 113 Mo. App. 324, as a case opposed to the views above expressed. That case involved proceedings for license before the excise commissioner of St. Louis. The question was whether a petition for license could be filed with the commissioner, lay dormant for eight months, and then be made the basis for a license running more than a year from the date of its filing. The court said, as we say, that the petition is good for one year from granting the first license. It is true the court adds that the statute contemplates the commissioner would grant the license *immediately* after the petition had remained on file in his office for ten days. The court did not say that immediate granting or refusal by a county court was necessary to jurisdiction. All it decided was that the petition could not remain unnoticed for nearly a year and then be used as a basis for a license running more than a year from the filing of the petition. Formerly (Sec. 4576, R. S. 1889), a petition which had been filed for a license was required to "be renewed on the fourth day of July every year thereafter; and in default of renewing of said petition, said clerk or court shall have no power to issue such license thereafter until the same is renewed." That statute, without saying so in terms, necessarily implied that the life of the petition could not

extend beyond the 4th day of July, after it was filed, and therefore its longest period would be from one July to the next. But afterwards (Laws 1891, p. 128, Sec. 8) that provision was dropped, and there was substituted for it the provision we have quoted, making the life of the petition one year from granting the first license; and directing that no renewal license shall be granted or extended "longer than the petition upon which it is granted," thus effectually limiting a license to one year's duration.

The other ground of objection to the license is that the sureties on the bond did not endorse an affidavit on the back thereof stating their solvency for the amount of the bond. It appears by Sec. 7197, R. S. 1909, that the "form" of a bond given by dramshop keepers shall be approved by the Attorney-General and executed on blank forms prepared by the Secretary of State. It seems that the form of bond approved by the Attorney-General had appended thereto a blank affidavit to be made by the sureties. The sureties were duly approved by the county court as required by section 7196, but no affidavit was endorsed on the bond. In our opinion, the bond, when approved by the county court, was a valid obligation, without an endorsed affidavit. The statute in requiring the Attorney-General to prepare a form of the bond did not authorize him to prescribe any part of the character of evidence as to its sufficiency. The Legislature only desired the learning of the Attorney-General as to the legal sufficiency of a bond. The qualification of the sureties was left with the county court. The approval of the form of bond is with the Attorney-General; but the approval of the sureties is with the court.

In our opinion the action of the county court was within the statute and the prayer of the relator is denied. All concur.