STATE of Missouri ex rel. Eddie TOLLIVER, Relator-Respondent,

v.

BOARD OF PUBLIC SERVICE OF the CITY OF ST. LOUIS, Missouri, et al., Respondents-Appellants.

No. 33600.

St. Louis Court of Appeals, Missouri.

March 24, 1970.

Philip M. Sestric, St. Louis, for respondent.

Robert W. VanDillen, John J. Fitzgibbon, Raymond J. Issa, St. Louis, for appellants.

CLEMENS, Commissioner.

St. Louis City's Board of Public Service revoked Relator's billiard parlor license. The Circuit Court granted certiorari and the Board made its return showing revocation on the strength of a petition signed by neighborhood residents. Upon considering the Board's return the Circuit Court quashed it and set aside the revocation. The Board appeals.

■ The function of certiorari is to bring a lower tribunal's record before a superior court and the writ's object is to keep the lower tribunal within the ambit of its jurisdiction; the superior court determines the jurisdictional issue from the face of the return and either quashes it or upholds the tribunal's action. State ex rel. Shaw State Bank v. Pfeffle, 220 Mo.App. 676, 293 S.W. 512 [1–3]; State ex rel. Spencer v. Anderson, Mo.App., 101 S.W.2d 530 [5–6]. As an example, where a tribunal's power to act is conditioned upon a neighborhood or local option petition, certiorari is a proper remedy to test the petition's sufficiency and the tribunal's consequent authority to act on it. State ex rel. Missouri Baptist Hospital v. Nangle, Mo. App., 230 S.W.2d 128 [1–4]; State ex rel. Crow v. Page, 107 Mo.App. 213, 80 S.W. 912.

St. Louis Ordinance No. 55051 provides for licensing and regulating billiard halls "in order to protect the safety and welfare of the residents of St. Louis." Ordinance Sections Nine and Ten empower the Board to revoke licenses. Although the Board's brief covers both sections, to determine on which section the Board based the revocation we look to its return. Section Nine provides for summarily revoking licenses upon a neighborhood petition. Section Ten, without reference to a neighborhood petition, provides for revocation upon giving the licensee written notice of specific ordinance infractions. Here, no such notice was given nor does the Board's return show allegations of any ordinance infraction. To the contrary, the return shows the Board's hearing was captioned "Hearing on Petition of Neighborhood Residents." We conclude the Board acted under Section Nine, the neighborhood petition section, not Section Ten, the specific infraction section.

Section Nine declares that whenever a majority of persons owning, occupying or conducting business "on the main of [sic] surface floor of premises within a prescribed petition [sic] circle drawn by a radius of 300 feet plus one-half of the width of the front of the billiard or pool table premises from the center of such premises projected to the street" shall sign and file a petition demanding revocation of a license the Board shall revoke the license if it "finds that such petition is in the form prescribed in this section."

The Board's return consists of the petition to revoke Relator's license, the transcript of the Board's hearing recounting testimony of several neighbors explaining their objections to Relator's billiard parlor and a copy of the Board's letter to Relator telling him it had revoked his license.

The Relator leveled several attacks at the legality of the ordinance and the Board's action thereunder; one attack suffices. Relator challenged the sufficiency of the return to show that the petition signers met the qualifications imposed by the ordinance.

The neighborhood petition bore the signatures and street addresses of 38 persons, nothing more. One of them had appended an affidavit that the signers had signed the petition in her presence and that they "occupy premises or conduct business within the area." Nothing in the record shows the total number of qualified persons within the prescribed area so that a majority can be calculated, nor does it show any of the petitioner's identity or qualifications.

■ An inferior tribunal's actions are confined to the specific authority given it,

and in a direct challenge to its action all facts necessary to give it jurisdiction must appear on the face of its record. State ex rel. Kelly v. Trimble, 297 Mo. 104, 247 S.W. 187 [1]. Thus where the granting of a license depends on the consent of persons having certain qualifications their consent is a jurisdictional fact and their qualifications must appear of record. State ex rel. Missouri Baptist Hospital v. Nangle, Mo.App., 230 S.W.2d 128 [8–13]; State ex rel. Crow v. Page, 107 Mo.App. 213, 80 S.W. 912.

The record here is barren of any showing that the petition signers were either owners, residents or persons conducting business within the prescribed distance of the billiard parlor, so it does not show that the signers constituted a majority of such persons. Although the Board's authority to revoke Relator's license under ordinance Section Nine was restricted to acting on a petition by persons meeting express qualifications, its return utterly fails to show those qualifications.

In the oft-cited case of State ex rel. Robinson v. Mayor and Board of Aldermen of Neosho, 57 Mo.App. 192, a statute conditioned the granting of a dramshop license upon consent of a majority of the "assessed taxpaying citizens" in a block; the petition showed only that a majority of "property owners" consented. Since that consent did not meet the statutory requirement the Board of Aldermen lacked jurisdiction and its order was annulled. Here, the lack of jurisdiction is more flagrant than in the Neosho case.

Judgment affirmed.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.