## SPURLOCK, Appellant, v. DORNAN et al.

### Division Two, May 31, 1904.

1. **PUBLIC ROAD: Wife's Land: Husband as Agent: Estoppel.**
   The husband can not bind his wife, as her agent or otherwise,
   in regard to the location and opening of a road through her
   land or in regard to receiving and collecting the award of dam-
   ages done to land owned by her in fee but not as her separate
   equitable estate.  He can not relinquish the right of way for her,
   nor is she estopped from disputing the legality of the proceed-
   ing by which the road was ordered to be opened, by the fact
   that he acted as her agent, nor by the fact that the damages
   were paid to him, unless in some way she personally waived her
   right.

2. ———: ———: ———: **Award to Husband.**   An award to the
   husband of damages for land of a married woman not her sepa-
   rate equitable estate, is no award to her for her interest in the
   fee.

3. ———: **Jurisdiction: Duty of Commissioner: Names of Unre-
   linquishing Owners.**   Unless the commissioner appointed by the
   county court to take the names of all resident owners of land
   through which the proposed road is to run, and who have not or
   will not give the right of way, makes a report showing the
   names of all such persons, and the amount of damages claimed
   by each, the court has no jurisdiction to proceed to open the
   road.

4. ———: ———: **Failure to Relinquish or Claim Damages.** Where
   the report of the commissioner does not affirmatively show that

the owner of land neither failed nor refused to relinquish the right of way for the public road, the court has no jurisdiction to open a road through her land.

5. ———: Jurisdictional Facts.  In proceedings of eminent domain every jurisdictional fact must affirmatively appear upon the face of the record.

6. ———: ———: Equitable Interference.  Where the county court has no jurisdiction over the owner of land through which the proposed road is to run, an equity court will, at the suit of such owner, enjoin the opening of such road.  And the mere filing of a remonstrance by the landowner against the opening of the road does not give jurisdiction over him.  The other requirements of the statute must also be complied with.

Appeal from Morgan Circuit Court.—*Hon. Jas. E. Hazell*, Judge.

REVERSED AND REMANDED.

*Wm. Forman* for appellant.

(1)  The wife could not appoint her husband, or any one else, her agent to act for her in relation to lands held by her in fee simple.  Nor could the husband charge, bind or convey the lands in which she has no separate estate.  A married woman can not appoint an agent as to property not held by her as her separate equitable estate.  Macfarlane v. Heim, 127 Mo. 328.  It will be presumed, in the absence of evidence to the contrary, that a married woman is seized of a legal estate in fee and not of a separate estate.  Henry v. Sneed, 99 Mo. 107.  A married woman can not have an agent as to real estate which is not her separate estate.  Wilcox v. Todd, 64 Mo. 388; Hickman v. Green, 123 Mo. 166; McCollum v. Boughton, 132 Mo. 601.  A husband can not charge, bind or convey land of his wife in which she has no separate estate, except by deed duly executed and acknowledged in conjunction with her in the manner provided by statute.  Mueller v. Kaessman, 84 Mo. 318.  Prior to the revision of 1889 the husband was entitled

to possession of his wife's land, and that enactment did not affect his right to possession which vested prior thereto. Arnold v. Willis, 128 Mo. 145. The recent statutes in relation to the estates of married women have no retrospective effect. A tenant by the curtesy initiate is seized of a freehold estate in his own right, and the interest of his wife is a mere reversionary interest depending upon his life estate. Accordingly, if, while he is in possession as such tenant, an injury is done to the freehold for life, as distinguished from the inheritance, the right of action therefor is in him. Robards v. Murphy, 64 Mo. App. 90. (2) Where a road overseer takes possession of private land for a public highway without any relinquishment of the right-of-way, assessment of damages, tender of compensation or legal waiver thereof, although he acts under the orders of the county court, he may be proceeded against by injunction. And his remedy will lie without prior resort to suit at law. And where the proceedings of the county court are nullities, he may be sued either by injunction or for trespass. And where a road has been established, or ordered to be opened, it is too late to comply with the statutory requirements as to assessment, tender of damages, etc., and the injunction is properly made perpetual. Carpenter v. Grisham, 59 Mo. 247; Jones v. Zink, 65 Mo. App. 409. (3) A record opening a new road, which fails to show that any effort was made to agree with the landowner, as to his damages, or that the damages were assessed or paid is fatally defective. Peed v. Baker, 61 Mo. App. 556. A petition which shows that defendants are about to open a road through plaintiff's premises and for that purpose are about to cut plaintiff's timber and hedges and remove his fences, thereby exposing his crops and fruit trees, and his meadow and pasture lands, to the depredations of stock, states a good cause for injunction. It is not necessary to aver and prove in addition that the defendants are insolvent. Such injuries would be irreparable in a

legal sense.   McPike v. West, 71 Mo. 199; Turner v. Stewart, 78 Mo. 480; Bank v. Kercheval, 65 Mo. 682.

*D. E. Wray, Amos A. Knoop* and *J. W. Jamison* for respondents.

(1)   The judgment of a county court ordering that a certain public road be established is not open to collateral attack if it acquired jurisdiction by proper notice and petition.   Baubie v. Ossman, 142 Mo. 499. (2)   In this case it is conceded by appellant that the notice and petition were in proper form, and that the notices were given as prescribed by the statute; that the petition stated every jurisdictional fact necessary to give the county court jurisdiction of the subject-matter, and that the plaintiff appeared in said county court and filed her written remonstrance to the petition.   The court, therefore, had jurisdiction both of the person of the plaintiff and the subject-matter.   Plaintiff being in court was bound to take notice of the proceedings leading up to the establishment of said road.   Baubie v. Ossman, 142 Mo. 499; Searcy v. Clay County, 176 Mo. 493.   (3)   Plaintiff's remedy was by appeal from the judgment of the county court, and having had an opportunity to appeal and having failed to invoke that remedy she can not attack the judgment of the county court in a collateral way as is attempted in this proceeding.   Railroad v. Maddox, 92 Mo. 469; Searcy v. Clay County, 176 Mo. 515; Baubie v. Ossman, 142 Mo. 499.

BURGESS, J.—This is an injunctive proceeding, the purpose of which is to restrain and enjoin the judges of the county court and the road commissioners of Haw Creek township of Morgan county, from proceeding to open a public road through plaintiff's land in conformity with an order and judgment of said court made and entered of record on the fourteenth day of

November, 1900.   The grounds upon which the injunction is sought are that the defendants have in no way complied with the statutes providing for the opening of public roads.   Upon the presentation of the petition to the circuit court a temporary injunction was granted as prayed for in plaintiff's petition.   Thereafter at the April term, 1901, of said circuit court, at the trial of the cause, the circuit court dissolved the temporary injunction, dismissed the bill and rendered judgment against plaintiff for cost.   Hence, plaintiff's appeal.

The facts, briefly stated, are about as follows:

At the time of the commencement of the proceedings to open the road and for many years prior thereto, plaintiff was the owner in fee of the land through which it was proposed to locate said road, having inherited a part of it, and acquired the balance by purchase in 1878 and 1886, at which times she was the wife of Haywood Spurlock, to whom she had been married for twenty-five years at the time of the trial, and by whom she had borne nine children.

Plaintiff was not a party to the proceedings in the county court, except to a remonstrance against the location and opening of the road, and as one of a number whose interest would be affected by it.   She testified that she was not interviewed by the road commissioner; that she had never relinquished her right-of-way for said road; that she had not received a single dollar by way of damages for the injury done to her lands.

The road commissioner, D. W. Eaton, was permitted by the court, over the objections of plaintiff, to testify that she had told him to see Mr. Spurlock (her husband) and whatever he did would be all right.   This was denied by her.   The court also, over objections of plaintiff, permitted the introduction in evidence of a county warrant delivered to Haywood Spurlock (plaintiff's husband) and by him collected, in the sum of one hundred and forty dollars.   The commissioners appointed by the county court to assess damages of par-

ties failing to relinquish the right-of-way over their lands had assessed the damages of Haywood Spurlock at that sum. Plaintiff's contention is that her husband Haywood Spurlock was entitled to damages by reason of his curtesy and other marital rights in his wife's real estate; and that the damages resulting to the lands through which the proposed road was to be run by way of lessening the value of said lands belonged to her. The commissioners assessed no damages for plaintiff.

The commissioners appointed by the county court to assess the damages were Conway Jones, T. M. Hunter and J. W. Cooper. The report of the commissioners is only signed by two, viz, T. M. Hunter and Conway Jones. Conway Jones, one of the commissioners who was appointed to assess the damages, is the same Conway Jones who was at the time one of the road commissioners of the district.

Plaintiff insists that Conway Jones, being one of the road commissioners of the district, was not disinterested, and therefore the report of himself and T. M. Hunter is void. She also insists that by reason of the action on the part of the petitioners for said proposed new road, the county court, road commissioners, and the commissioners appointed by the county court to assess damages having ignored the rights of plaintiff, the temporary injunction should have been made permanent.

The first point presented on this appeal is with respect to the action of the court in admitting in evidence on the part of defendants, over the objection of plaintiff, evidence tending to show the agency of her husband, Haywood Spurlock, in regard to the location and opening of the road through her land, and the receipt by and collection by him of a county warrant for the sum of one hundred dollars in payment of damages awarded him for taking her land.

The title to the land was held by plaintiff in fee, and not as her separate equitable estate, and it was held

in Macfarland v. Heim, 127 Mo. 327, that a married woman can not appoint an agent for such property. "Nor can she . . . have an agent in her husband who could bind her estate by his agreement with others, whether she were present or absent. Her husband could not bind her estate by his deed and his word of mouth is on par with his deed." [McCollum v. Boughton, 132 Mo. l. c. 622; Long v. Martin, 152 Mo. 668.]

While the record shows that the proper notice of the presentation of the petition for the opening of the road was given and that plaintiff appeared and filed a remonstrance against the location and opening of the road, upon which a hearing was had, there was no relinquishment of the right-of-way by plaintiff, no assessment of damages, no tender of any compensation, no waiver.

By section 9416, Revised Statutes 1899, it is made the duty of county courts to hear remonstrances against the location and opening of public roads, and such witnesses as the respective parties may produce as to the probable damages to the owners of the land through which said proposed road may run, and who have not consented to relinquish the right of way. It is also made the duty of a commissioner to be appointed by the court for that purpose to take the names of all resident owners of land through which said road may run, and who *have not or will not give the right of way,* and the amount of damages claimed by each one separately, together with the numbers of the land, etc. The following section, 9417, provides for the appointment of three disinterested freeholders of the county, who are not interested or kin to any of the parties asking damages on account of the location of said road, to act as a board of commissioners to view the premises, hear complaints and assess damages, but the report does not show that the commissioner did take the names of all resident owners of land (and especially that of the plaintiff)

through which said road may run, and who have not or *will not* give the right of way, in consequence of which the court was without jurisdiction to establish the road.

The county court seems to have proceeded upon the theory that the land taken belonged to Haywood Spurlock, the husband of plaintiff, whose only interest therein was by virtue of his marital rights only, when the plaintiff was in fact the owner of the fee, and entitled to compensation for the value of the land taken less benefits to the whole tract, if any. The names of Haywood Spurlock and Nannie Spurlock accompanied the petition for the road with others whose lands would be affected by the opening of the road, but they did not sign it, while the commissioners, appointed to view the premises described in the petition and to go personally upon the land and hear testimony in relation to damages sustained by landowners by reason of the opening of the road, awarded one hundred and forty dollars damages to Haywood Spurlock for taking his land, which in fact belonged to plaintiff and to which she had not given the right of way, but nothing whatever was awarded her, nor were her rights or interest in the land in any way adjudicated upon by the county courts.

In Carpenter v. Grisham, 59 Mo. l. c. 251, it is said: "There can be no question, but that the taking of private property for the construction of highways, without any tender of compensation, or assessment of damages, when required by law and not waived by the party, affords good ground for equitable relief." [High on Inj., sec. 400.]

This case was cited with approval in Whitely v. Platte County, 73 Mo. 30, and in Jones v. Zink, 65 Mo. App. 409.

But defendants say that plaintiff having filed a remonstrance against the opening of the road, the county court had jurisdiction of the subject-matter and of the person of plaintiff, and if the proceeding were in any way irregular as to her she should have taken an appeal.

If the record upon its face showed that the county court had jurisdiction, and the matters complained of were mere irregularities there would be much force in this contention, but it does not so appear, and, it has always been held by this court in proceedings of eminent domain, that every jurisdictional fact must affirmatively appear upon the face of the record. Now the report of the commissioner does not affirmatively show that plaintiff either failed or refused to relinquish the right of way.

In Jones v. Zink, supra, it is said:

"The report of the commissioner fails to show a compliance with the statute in at least one important respect. Section 7798 of the Revised Statutes, 1889, as amended in 1893 (Laws 1893, p. 222), requires the commissioner to 'take the names of all resident owners of land through which said road may run, and who have not or will not give the right of way, and the amount of damages claimed by each one separately.'"

It was held in that case that this was jurisdictional, and in proceedings of eminent domain every jurisdictional fact must affirmatively appear upon the face of the record. As it does not so affirmatively appear upon the fact of the record in this case it must follow that the court was without jurisdiction.

In sustenance of defendants' contention that plaintiff's remedy was by appeal they rely upon the case of Railroad v. Maddox, 92 Mo. 469, in which it is said: "If, as is alleged in the reply, the commissioners appointed for the purpose of assessing damages assessed none to plaintiff, and made no report on the subject of plaintiff's damages, this furnishes no ground for the interposition of a court of equity, for the reason that the statute affords a remedy by granting an appeal." We think that case distinguishable from the one at bar, in that the question decided in that case was not jurisdictional, while in the case at bar it was, and we have been unable to find any decision to the contrary. So with the case of Searcy v. Clay County, 176 Mo. 493, also relied

upon by defendants. In that case the only thing complained of having any bearing upon the question now under consideration was as to the location of a public road or the deviation from the line designated by the court, and it was held that if plaintiff was satisfied there was error in the location of the road, he should have called the court's attention to it by timely action, and if it overruled his contention he was entitled to an appeal. It was simply an error of which plaintiff complained and nothing more, and the case was of course appealable. There was no question of jurisdiction in that case, hence it is not an authority for defendants' contention.

Our conclusion is that the judgment should be reversed and the cause remanded for further trial in accordance with the views which we have expressed. It is so ordered.

All concur.