STATE ex rel. LAURA B. STOUT et al., Relators, v.
BYRD DUNCAN et al., etc., Respondents.

St. Louis Court of Appeals. Argued and Submitted July 5, 1910.
Opinion Filed July 12, 1910.

1. JURISDICTION: Common Pleas Court Cape Girardeau County:
Certiorari. Prior to the Act of May 14, 1909, it was only by the
consent and appearance of the parties that the court of common
pleas of Cape Girardeau county had jurisdiction of a proceeding
by certiorari to review an order of the county court granting a
dramshop license.

2. CERTIORARI: Dramshops: Attacking Order Granting Li-
cense: Record Proper Only Reviewable. Under the rule that
certiorari brings up for review only the record proper, on
certiorari to review an order of the county court granting a
dramshop license, the reviewing court will not review the
evidence on which the county court acted in determining the
number of signers to the petition for the license and the re-
monstrance against it, though said court entered a recital of
the evidence in its order.

3. ———: Judgments: Effect of Reciting Evidence. A recital
in an order or judgment made by a county court of the evi-
dence upon which the court acted in making such order or
judgment does not make such evidence a part of the record
proper, so as to require the upper court to review or con-
sider it on certiorari.

4. DRAMSHOPS: License: Jurisdictional Facts: Must Appear in
Record. Session Acts 1907, page 254, providing that a license
shall not be granted to keep a dramshop in a building kept
for an immoral purpose, nor in any room of a building con-
nected by any means of communication with any room used
for an immoral purpose, is a prohibition and restriction on
the power of the county court to grant a license to any one
to keep a dramshop in any place so situate, and unless it af-
firmatively appears somewhere in the record, either in the
application for the license or in the order granting it, that
the dramshop is not to be kept in any place so situate, the
county court is without jurisdiction to grant a license.

5. ———: ———: ———: ———: Statement of Conclusions In-
sufficient. A recital in the order of the county court grant-
ing a dramshop license that the "applicant's application in
all things conforms to the requirements of section 2993a of
the Dramshop Law, approved May 13, 1907," does not show

a compliance with the provisions of said law, which prohibit the granting of a license to keep a dramshop in a building occupied or used for an immoral or unlawful purpose, inasmuch as said recital is a mere statement of a conclusion and not of a constitutive fact.

Appeal from Cape Girardeau Common Pleas Court.— *Hon. Robert G. Ranney,* Judge.

AFFIRMED.

*James F. Green, Ernest A. Green* and *Abington & Phillips* for appellants.

(1) Gage's petition for a dramshop license, being an application under section 2997, R. S. 1899, the county court in passing on the qualifications of his signers was not bound by the "last previous annual assessment and vote of the town." R. S. 1899, sec. 2997; Scarrit v. Jackson County, 89 Mo. App. 593. (2) Relators sought to have the action of the county court in receiving certain testimony and rejecting other, reviewed by the court. This cannot be done by a writ of certiorari. State ex rel. v. County Court, 45 Mo. App. 387; State ex rel. v. Cauthorn, 40 Mo. App. 94; State ex rel. v. Wooten, 139 Mo. App. 231; State ex rel. v. Walbridge, 62 Mo. App. 162; School District v. Pace, 113 Mo. App. 140; State ex rel. v. Casey, 210 Mo. 246; State ex rel. v. Wells, 210 Mo. 621. (3) Under the petition for certiorari and the return made thereto respondents were entitled to have the writ quashed, and the trial court could not search the record for defects other than the ones assigned in the petition for certiorari. Stroud v. State, 55 Ala. 77; Deputy v. Betts, 4 Harr (Del.) 352; Tinder v. Todd, 2 Harr (Del.) 290; Witherspoon v. Clegg, 42 Mich. 484; Griffith v. West, 10 N. J. L. 352; State v. Lockhart, 18 Wash. 531; Curran v. Atkinson, 1 Ashm. (Pa.) 50; Ferguson v. Board of Health,

64 N. J. L. 484; Hollins v. Johnson, 3 Head (Tenn.) 346.

*Whaley & Puckett* for respondent.

. (1) The county court has no jurisdiction to grant a dramshop license until a majority of assessed, taxpaying citizens owning property in the block in which the dramshop is to be kept shall sign a petition. Sec. 2997, R. S. 1899; State ex rel. v. Cauthorn, 40 Mo. App. 94. (2) Certiorari brings up the whole record for review. State ex rel. v. Lichta, 130 Mo. App. 284; Railroad v. Board of Equalization, 64 Mo. 294; State ex rel. v. Smith, 101 Mo. 174; State ex rel. v. Cauthorn, 40 Mo. App. 94; Ward v. Board, 135 Mo. 309. (3) The trial court properly quashed the record for the reason it does not conform to the law. Sec. 2997, R. S. 1899, as amended by Acts 1903, p. 142; Laws 1907, p. 254; State ex rel. v. County Court, 66 Mo. App. 96; Railroad v. Young, 96 Mo. 39. No part of the record discloses that the building described in the application was not used for an immoral purpose, as required by the above cited statutes.

STATEMENT.—This is an appeal by the justices of the county court of Butler county and one Gage, from the action of the Cape Girardeau Court of Common Pleas, in quashing the order of the county court issuing a dramshop license to Gage and vacating the license. The record of the county court was originally brought into the circuit court of Butler county by writ of certiorari issued out of the latter court, whereupon the cause was sent on change of venue to the Cape Girardeau Court of Common Pleas and there heard.

It appears by the abstract of the record on file that on or about the 28th of January, 1910, Gage applied to the county court of Butler county for a license as dramshop keeper. The application sets out the desire

of Gage to keep a dramshop at a certain lot on Main
street, described, in Neelyville in that county, in a build-
ing described as "a one-story frame building, shingle
roof, with one door and two windows in front, and one
door in rear, and one window in south side, said build-
ing not being connected in any way with any other build-
ing, and belonging to E. L. Abington." The application
further states that the applicant is "not disqualified
under any law of this state to receive license to keep a
dramshop; that he is not the agent or representative
of or partner with any person so disqualified; that he
is not the agent, employee or representative of any per-
son engaged in the manufacture or sale of intoxicating
liquors," and that he is the owner of the dramshop, li-
cense to keep which the application is made. These are
substantially all the statements. This was duly sworn
to and is accompanied by a petition of thirty-four per-
sons, claiming to be assessed, taxpaying citizens, and
guardians of minors, owning property in the block in
which the lot is located. The statutory oaths, sections
2288 and 2291, Revised Statutes 1899, were filed, a bond
against the sale of adulterated liquors, and bonds
against the sale or disposition of intoxicating liquors
in any quantities to minors and against violation of any
provisions of the laws of this state concerning dram-
shops, etc., and to pay all fines, etc., which may be as-
sessed, were duly executed, and appear to have been
approved. A remonstrance was filed against granting
the license, the number of signatures to which does not
appear. On the 9th of February, 1910, and during the
February term of the court, the county court of But-
ler county entered up the following order or judgment:

"Now at this day comes the above named applicant,
G. L. Gage, and presents to the court his application
for a license to keep a dramshop for the next six months,
at the town of Neelyville, county of Butler, State of
Missouri, and thereupon comes W. L. Biggs, W. B. Da-
vis and others, taxpaying citizens of the town of Neely-

ville, and present their remonstrance to the granting of such license, and this cause is submitted to the court upon the pleadings and proof adduced, and the court, now having seen and heard all the evidence offered, and having carefully examined the said application, and all the papers filed with said application, and being fully advised in the premises, find that the applicant is an assessed, taxpaying, law-abiding, male citizen above the age of 21 years, residing within the town of Neelyville, county of Butler, State of Missouri; that the town of Neelyville is an incorporated town situated in Butler county, Missouri; that applicant's petition asking for said license contains the signatures of a majority of the assessed taxpaying citizens and guardians of minors owning property in the town of Neelyville and in the block or square where the saloon is to be located, as ascertained from the last previous annual assessment, to-wit: the assessment based on the ownership of property on the 1st day of June, 1908, filed January 21, 1909; that more than ten days before the first day of this term of court, the applicant filed said petition in the office of the clerk of this court, where the same has remained on file ever since that time for public inspection, that no minor or other ineligible person has signed said petition nor have they been counted for or against the same; that at the time of filing said application for a license, the applicant filed in the office of the clerk of this court his statement in writing, verified by affidavit of the value of the full amount of all intoxicating liquors received at his dramshop within the six months next before the date of statement; that at the time of filing said application for a license, the applicant filed an affidavit required by sections 2288 and 2291, Revised Statutes 1899; that applicant has also filed bonds required by sections 2288 and 2995 as amended and approved May 13, 1907, and that said bonds are sufficient.

"The court further finds that applicant's applica-

tion in all things conforms to the requirements of section 2993a of Dramshop Law approved May 13, 1907.

"Wherefore, it was ordered by the court that said application be and the same is hereby sustained; that said bonds be and they are hereby approved; and that upon payment to the collector of the revenue for Butler county of the sum of $400, the clerk of this court issue to the applicant a license to keep a dramshop in the town of Neelyville for a period of six months, beginning the 9th day of February, 1910, and ending the 8th day of August, 1910."

Thereupon a writ of certiorari issued out of the circuit court of Butler county which, as before stated, was taken on change of venue to the Cape Girardeau Court of Common Pleas, upon the application of Gage, and apparently by consent of all parties. Upon hearing there it was adjudged by the last named court that the order and judgment of the Butler county court granting a dramshop license to Gage for a period of six months to conduct a dramshop in Neelyville be and is reversed, set aside and for naught held and the license issued thereunder quashed. The case comes here on appeal and was advanced for hearing on the docket, there being a question as to whether a bond given in the Common Pleas Court on appeal was a supersedeas of the order of that court, appellants asking a supersedeas from this court suspending the order and judgment of the Cape Girardeau Court of Common Pleas.

REYNOLDS, P. J. (after stating the facts).—Without passing upon this application for supersedeas or in any wise determining that point, we concluded to hear the case on its merits, and it has accordingly been fully argued by counsel. At the outset, it is well to observe that, prior to the Act of May 14, 1909, it was only by the consent and appearance of the parties there, that the court of common pleas had jurisdiction in this case.    [Scott Hardware

Co. v. Riddle, 84 Mo. App. 275.] It is urged by counsel that the county court of Butler county, in accepting the assessment list of the taxpayers, based on the ownership of property on the first day of June, 1908, filed January 21, 1909, which as will be seen, is set out in the judgment of the county court as the basis of its action in considering the number of signers to the petition and remonstrance, committed error; that as this proceeding was had in the county court on the 9th of February, 1910, the assessment roll of June 1, 1909, which under the law was required to be filed January 21, 1910, should have been accepted as the basis for determination of the number of petitioners and remonstrators. Counsel on each side have argued this proposition quite extensively. We dispose of it, however, by the statement that it is the well-settled law of this state that the writ of certiorari brings up for review only the record proper and not the evidence. Going as far back as the case of In the matter of the Saline Co. subscription, Thompson et al., petitioners, 45 Mo. 52 (decided 1869), and coming down to State ex rel. v. Wells, 210 Mo. 601, l. c. 621 (decided March 31, 1908), the decisions of our Supreme and Appellate Courts, following the common law rule, are uniform and unbroken in so holding. The fact that the county court, in its order granting the license, saw fit to enter into that order a recital of the evidence upon which it acted in determining as to the number of signers, does not help the matter, and does not bring that evidence under review. It is the recital of evidence and has no place in the order, or judgment. It is beyond the power of the county court, under the color of a judgment, to incorporate or attempt to bring into the record proper the evidence upon which it acted, and so require the upper court, on *certiorari*, to review or consider that evidence.

In State ex rel. Harrah v. Cauthorn, 40 Mo. App. 94, the Kansas City Court of Appeals passing on the office of the writ of certiorari, where the matter of the

application for a dramshop license was under review, stating that the writ only brings up the record of the inferior court and that its office is to reach only such defects or errors in the proceedings as appear upon the face of the record, holds that the only question for consideration in cases of this kind is whether such record shows jurisdiction in the county court. The sole question is one of authority, not one of the propriety or impropriety of the action of that tribunal; nor is it one to be determined upon the evidence which was or should have been heard or considered by that court in acting upon the application. It is further said by Judge EL-LISON in the Cauthorn case that cases of this kind are of the class which require that the face of the record of the county court should show jurisdiction of the court over the subject-matter in order that its action may be valid, but that under the general rule prevailing in this state the matter of jurisdiction is to be determined, not from the mere order of the county court, but from an inspection of the record proper. "It is in every way sufficient," says Judge ELLISON, "if any part of the record proper recites the necessary requisites to give jurisdiction to the tribunal before which the proceedings are had." Referring directly to the application and order concerning dramshop licenses, the learned judge concludes that "where a statute requires a statement of the qualification or character of the petitioners to be stated in the petition, or any particular part of the record, it must be so stated in order to give jurisdiction, but, in the absence of such requirement, we are clearly of the opinion that necessary jurisdictional facts need not be stated in the petition, if they be made to appear in other parts of the record." Referring to the case of State ex rel. Campbell v. Heege, 37 Mo. App. 338, a decision by this court, Judge ELLISON, in the above case, calls attention to the fact that while the decision in the Campbell case is an apparent exception to the current of authority, an examination

State ex rei. v. Duncan.

of it shows that while this court put the decision on the absence of jurisdictional facts in the petition, it is to be borne in mind that the necessary jurisdictional facts did not appear in any part of the record. The same question came up again before the Kansas City Court of Appeals in the case of State ex rel. Jones v. County Court of Cooper County, 66 Mo. App. 96. In this latter case, also on certiorari issued by the circuit court, in which the circuit court annulled a dramshop license, Judge ELLISON, speaking for the Kansas City Court of Appeals, states the rule of law in such cases to be that nothing will be presumed to be within the jurisdiction of inferior courts and that such jurisdiction must appear by the record in all cases where it is attacked directly for that reason. Quoting the requirements of the Dramshop Law of 1891, in so far as they relate to the requirements of the law to the issue of a dramshop license, the Kansas City Court of Appeals held the language of the statute to mean that the county court only has authority to grant a license to a person possessing the qualifications required, and that if the court should grant a license to one who was not found by the court to be a law-abiding citizen, etc., the license will be void. "This being true," says the court, Judge ELLISON speaking for it, "the only question left in the case is whether the record must affirmatively show such facts in order that it may be said that the court had jurisdiction." Citing authorities in support of this, the court further holds that the proceedings by certiorari do not come within the principle or rule announced in cases like that of Leonard v. Sparks, 117 Mo. 103, 22 S. W. 899, in which it was held that where the facts touching the acquisition of jurisdiction by an inferior court fully appear in the record, the judgment of such court will be looked upon with as much favor as that of a superior court. But Judge ELLISON correctly holds that in Leonard v. Sparks, the judgment was attacked collaterally and not by direct proceeding, as is done in

certiorari; that the writ of certiorari will reach and render fatal defects which would not be so in a collateral proceeding. The action of the circuit court in quashing the proceedings in the county court was sustained.

The cause most frequently referred to in the various decisions of the appellate courts and of the later ones of the Supreme Court, in matters of this kind, that of 'Chicago, Rock Island & Pacific Railway Co. v. Young et al., Judges of Clinton County Court, 96 Mo. 39, 8 S. W. 776, commonly cited as Railroad v. Young, may be said to be a controlling decision of the Supreme Court in this state on questions arising under certiorari. It was one of certiorari bringing into the circuit court certain proceedings for opening a public road, commenced and had in the county court. Judge SHERWOOD, speaking for the Supreme Court, says that whenever the proceedings of the county court, summary in their nature, are had, with the view to take or condemn the property of the citizen, it must affirmatively appear on the face of such proceedings that all facts necessary to confer jurisdiction existed before final action taken in the tribunal depriving the owner of his property. While this was a case involving the taking of private property for a quasi public use, that is, condemnation of a railroad right of way, the principle there announced has been uniformly applied by our courts in matters and proceedings in the county courts relating to dramshop licenses and kindred subjects.

Applying the principle of the cases above cited to the facts in the case at bar, it will be seen, by reference to page 254, Session Acts of 1907, that by act approved May 13, 1907, section 2993a provides among other things, "license shall not be granted to keep a dramshop in a building occupied or used for an immoral or unlawful purpose, nor in any room or portion of a building connected by any entrance or exit or other means of communication with any room or place used for an immoral or unlawful purpose." We hold this

to be a prohibition and restriction upon the power of the county court to grant license to anyone to keep a dramshop in any place not so situate, and that it must affirmatively appear that the dramshop is not to be kept at any place so situate, and that unless it does affirmatively appear, somewhere in the record, either in the application or by the order granting the dramshop license, that this state of facts does exist and is present in the case, the county court is without jurisdiction to grant the license. Nowhere in this record before us or which was before the Cape Girardeau Court of Common Pleas does it affirmatively appear that this requirement of the statute was met. Hence there was a fatal lack of showing of authority in the county court, under this section to grant the license.

The recital in the order of the county court, "that the applicant's application in all things conforms to the requirements of section 2993a of Dramshop Law, approved May 13, 1907," does not meet the case nor fulfill the requirements of the law. As was said in Parks v. Heman, 7 Mo. App. 14, l. c. 18, "In pleading conditions imposed by law, to say that plaintiff has duly performed all conditions on his part, tenders no issue of fact." This has frequently been cited and applied as authority in passing upon the sufficiency of recitals in judgments of inferior tribunals in proceedings of bodies acting under special and limited powers. Applying that to the case at bar, the statement that the applicant for the license had complied with the provisions of law, is a mere statement of a conclusion and not of a constitutive fact. This general statement of compliance with this section of the statute, without setting out the fact showing that the party is within the law, is not the statement of a fact which is essential to the right to the license. That is one of the jurisdictional facts only upon the presence of which the court had power to act. It must be clearly set out somewhere in the record itself and stated as a fact and not as a

mere conclusion of the court upon the facts, and it nowhere appears in this record that the building in which it was proposed to keep the dramshop was not to be used or occupied for an immoral or unlawful purpose, nor in any room or portion of a building connected, etc., with any such room or place used, etc. If it is meant by the statement that "the applicant's application in all things conforms to the requirements of section 2993a of the Dramshop Law, approved May 13, 1907," that it contains this important recital, then it is not borne out by the application, for that application nowhere states that the dramshop is not to be kept "in a building occupied or used for an immoral or unlawful purpose," etc., as required by that section.

It follows that the action of the county court in granting the license was without authority and the license granted is void. Other questions are raised, but we do not consider or pass upon any but the above, which is decisive. The action of the Cape Girardeau Court of Common Pleas is affirmed. *Nortoni, J.,* concurs; *Goode, J.,* not sitting.