STATE OF MISSOURI at the relation of HENRY
    WORKMAN, C. D. COSTON, J. C. JOHNSON and
    PETE D. TYE, Relators, v. S. E. JUDEN, E. W.
    SHADE and T. R. COLE, Judges of the County
    Court of Pemiscot County, and FRANK BAIRD,
    Clerk of said Court, Respondents.*

In the Springfield Court of Appeals, July 20, 1925.

1. **ANIMALS: Stock Law: Petition: County Court: Jurisdiction: Petition for Election under Stock Law is Jurisdictional.** Under sections 4288-4290 and 4291, Revised Statutes 1919, it is the petition which authorizes the county court to act and call election as provided, and the petition is jurisdictional, and must contain all the necessary averments to give jurisdiction to call the election.

2. **———: ———: ———: ———: ———: Petition for Adoption of Stock Law Held Insufficient.** Where residents of two townships filed petition with county court based specifically on section 4288, Revised Statutes 1919, asking that county court call an election for adoption of the stock law, and county court proceeded to call an election under the provisions of section 4291, Revised Statutes 1919, *held* that the petition was not sufficient to confer jurisdiction on county court to order such election under the provisions of section 4291, notwithstanding facts may have entitled these townships to election under section 4291; jurisdiction to call election under either statute being dependent on petition thereunder.

*Headnotes 1. Animals, 3 C. J., Section 582; 2. Animals, 3 C. J., Section 582.

### Original Proceedings in Certiorari.

RECORD QUASHED.

*Von Mayes,* of Caruthersville, for relators.

*N. C. Hawkins,* of Caruthersville, for respondents.

BRADLEY, J.—This is an original proceeding in *certiorari* the object of which is to quash the record and

proceedings of the county court of Pemiscot county respecting the efforts of Godair and Concord townships to adopt what is commonly designated as the stock law. On filing the petition we issued our writ of *certiorari* directed to the respondents. Service was waived and respondents made return certifying here in obedience to the directions of the writ true copies of the petition, orders, judgments, etc., respecting the stock law election.

The petition upon which the stock law election was ordered and held, omitting names of petitioners, is as follows: "To The Honorable County of Pemiscot County, Missouri. We the undersigned, one hundred or more householders of Concord and Godair townships in Pemiscot county, Missouri, and being as many as ten householders from each and every one of said townships, hereby petition the county court to call a special election for the purpose of submitting to, and allowing and granting to the qualified voters of said townships, the privilege to vote on the question of restraining horses, mules, asses, cattle, goats, swine and sheep from running at large in each and all of said townships, under the provisions of section 4288, article 5 of chapter 27, of the Revised Statutes of the State of Missouri for the year 1919."

Acting upon this petition based specifically upon section 4288, Revised Statutes 1919, the county court found the jurisdictional facts as though the petition were based upon section 4291, Revised Statutes 1919, and ordered the election to be held in said townships on June 9, 1925. The election was held and the stock law proposition carried in each township. It is the contention of relators that the petition filed and upon which the court acted did not confer jurisdiction upon the county court to order the election, and that if such is the case then the election is void and without effect.

Section 4288 is as follows: "Whenever three or more townships in one body in any county in the State of Missouri, by a petition of one hundred householders,

not less than ten of whom shall be from any one of said townships, petition the county court for the privilege to vote on the question of restraining horses, mules, asses, cattle, goats, swine and sheep from running at large, the same law governing counties is hereby applied to said townships, and said petitioners shall not be debarred the right to restrain said animals if a majority of the qualified voters of said townships, voting at any general or special election, shall vote in favor of so restraining such animals. Nothing in this section shall be so construed as to debar the right of restraining any two or more species of such animals.''

It will be observed that under section 4288 that *three* or more townships in one body must petition, and that the petition must be signed by at least one hundred householders, not less than ten of whom shall be from any one of said townships. Under section 4288 *three* or more townships in one body in any county by complying with the provisions of said section may vote in the stock law regardless of whether they adjoin or are contiguous to others territory which has theretofore adopted the stock law. Under section 4291 any *one* or more townships may adopt the stock law provided said township or townships petitioning to vote adjoin five or more townships in one body in the same or an adjoining county which towships have theretofore adopted the stock law. Under section 4291 the petition must be signed by at least twenty-five householders of each township desiring to vote.

The question presented is: Did the petition, supra, bottomed specifically upon section 4288 confer jurisdiction upon the county court to order and proceed with an election under section 4291? It is the petition which authorizes the county court to act, and it is jurisdictional, and must contain all of the necessary averments to give jurisdiction to call the election. [Thompkins v. Harris, 236 S. W. (Mo. App.) 368; 20 C. J., p. 95, sec. 78; State ex rel. Campbell v. Heege, 37 Mo. App. 338; State ex rel.

Harrah v. Cauthorn, 40 Mo. App. 94.] The order of the county court which must have been based upon the petition, after naming the petitioners, and stating that they are householders of Concord and Godair townships, recites that said petitioners "filed their petition praying this court to call an election for the purpose of submitting to and allowing and granting to the qualified voters of said townships the privilege to vote on the question of restraining horses, mules, asses, cattle, goats, swine and sheep from running at large in each of said townships under the provisions of section 4288 of article 5 of chapter 27 of the Revised Statutes of the State of Missouri for the year 1919."

After thus specifically reciting that the petitioners in the two townships were petitioning to vote under section 4288 the order then recites that the court found (1) that twenty-five or more of said petitioners were householders of Concord township; (2) that twenty-five or more of said petitioners were householders of Godair township; (3) that Concord township is adjoining Hayti township; (4) that Hayti township and four other adjoining townships had theretofore adopted the stock law; (5) that Godair township adjoins Concord township, and also adjoins New Madrid county, and that theretofore all the townships of New Madrid county had adopted the stock law. All of these findings are such as would have been proper under a petition calling for an election under section 4291. That this order was far beyond the scope of the petition can hardly be questioned. The notice of the election still further confuses the situation. The notice informed the voters in Concord and Godair townships that on June 9, 1925, an election would be held at the various precincts in said townships to vote on "the question of restraining horses, mules, asses, cattle, goats, swine and sheep from running at large in each of said townships under the provisions of article 5, chapter 27 of the Revised Statutes of the State of Missouri for 1919." There are four different ways provided by the

law for townships holding stock law elections. These are set forth in sections 4288, 4289, 4290 and 4291, Revised Statutes 1919. The notice at bar did not advise which plan was to be submitted to the voters.

In support of the sufficiency of the petition it is urged that the *existing facts* were such that Concord and Godair townships were entitled to vote upon the stock law under section 4291. This may be true, but those facts should appear in the petition. Respondents cite State ex rel. Rippee et al. v. Forest et al., 177 Mo. App. 245, 162 S. W. 706; State v. McCord, 207 Mo. 519, 106 S. W. 27, and other cases, but the cases cited nor others we have examined go so far as to support the sufficiency of the petition at bar. The question of consequence in the Forest case was whether, in enlarging the territory having already adopted the stock law, the unity of the species of animals to be restrained must be preserved. In discussing questions there presented the court said: "The county court, being an inferior court of limited powers and not proceeding according to the common law, its jurisdiction to call and hold this election must affirmatively appear by some part of the record of its proceedings or its action must be annulled when the validity of its proceedings is attacked in a direct proceedings, as is done in this case."

In support of the proposition stated the court cited State ex rel. v. Duncan, 150 Mo. App. 405, 411, 130 S. W. 496; State ex rel. v. Heege, supra; State ex rel. Harrah v. Cauthorn, supra; State ex rel. v. City of Neosho, 57 Mo. App. 192, 198; Jefferson County v. Cowan et al., 54 Mo. 234; Zimmerman v. Snowden, 88 Mo. 218; State ex rel. v. Page, 107 Mo. App. 213, 216, 80 S. W. 912; State ex rel. v. Fort, 107 Mo. App. 328, 333, 81 S. W. 476; Spurlock v. Dornan, 182 Mo. 242, 251, 81 S. W. 412.

In State v. McCord, supra, the validity of a local option petition was raised. The petition there in question did not accurately follow the language of the statute, but it specifically and correctly referred to the section

of the statute under which the election was sought. In speaking of this petition the court used this language: ''While the petition is not couched in the exact language of the statute, we think it a substantial compliance therewith, and when considered in connection with the words, 'commonly called local option, according to section 3027, Revised Statutes 1899, of the State of Missouri,' which words form part of the petition, it seems well enough.''

Also the attack on the validity of the petition in the McCord case was collateral and that fact was of consequence as appears from the reported opinion. But in the case at bar the attack is direct. [State ex rel. Rippee et al. v. Forest et al., supra.]

Learned counsel for respondents specifically directs our attention to the expression *some part of the proceedings* in the excerpt quoted, supra, from the Forest case with the suggestion that if the jurisdictional facts appear from either the petition or order calling the election that such is sufficient. In the McCord case it was held that the petition is as much a part of the record as the order calling the election, and that the petition is an indispensable prerequisite to the making of the order calling the election. It would, therefore, appear that a petition to vote upon the adoption of any local option question, stock law, or what not, should perform a greater office than to merely present to the court the subject-matter to be voted upon.

The petition at bar as a petition under section 4291 does no more than to advise the county court that the petitioners desire to vote upon the adoption of the stock law in Concord and Godair townships. Under section 4288 the petition is void, because under that section no less than *three* townships can vote and only *two* petitioned. Under section 4291 the petition is void because it does not allege any of the jurisdictional facts necessary to give the county court jurisdiction to call an election under said section.

After the election was called and before it was held, the county court, by an order, divided Concord township, and created a new township called Gayoso township. Relators allege that the division of Concord township after the commencement of the stock law proceedings, and prior to the election, rendered void said stock law proceedings. Our writ called for the proceedings appertaining to the division of Concord township and the creation of Gayoso township, and said proceedings were included in the return and are before us. But our conclusion as to the validity of the petition makes it unnecessary to go into this question.

We hold that the petition at bar based upon section 4288, Revised Statutes 1919, was and is not sufficient to support an order of the county court calling a stock law election under section 4291, Revised Statutes 1919, and that the orders of the county court pertaining to said election are void and should be quashed and for naught held, and it is so ordered. *Cox, P. J.*, and *Bailey, J.*, concur.